STATE OF NORTH CAROLINA v. JOHN THOMAS JEFFERIES

No. 7215SC781

(Filed 29 December 1972)

1. **Arrest and Bail § 6— resisting arrest — not guilty verdict for offense for which arrested — probable cause**

   Verdict of not guilty of the misdemeanor for which defendant was arrested—drunken driving—was not tantamount to a finding that the arresting officer did not have reasonable grounds to believe that defendant had committed such offense in his presence and that defendant therefore could lawfully resist the arrest.

2. **Assault and Battery § 15— assault on police officer in resisting arrest — probable cause for arrest — instructions**

   In this prosecution for assault on a public officer when the officer attempted to arrest defendant for a misdemeanor, the question of the reasonableness of the officer's grounds to believe defendant had committed a misdemeanor in his presence was properly left to the jury by the court's instruction that the jury must find beyond a reasonable doubt, as an element of the assault charge, that the officer had probable cause to believe that defendant had committed an offense in his presence.

3. **Arrest and Bail § 6— resisting arrest for misdemeanor — probable cause for arrest — instructions**

   In a prosecution for resisting arrest for a misdemeanor, the trial court's instruction requiring the jury to find merely that defendant resisted arrest "after an officer had given him notice that he was arresting him for a criminal offense" *held* erroneous in failing to require a jury finding that the officer had reasonable grounds to believe defendant had committed the misdemeanor in his presence.

APPEAL by defendant from *McKinnon, Judge,* at the 26 June 1972 Session of Superior Court held in ALAMANCE County.

Defendant was charged in separate warrants (1) with driving under the influence of alcohol, and (2) with assault upon an officer and with resisting arrest.

The evidence for the State tended to show the following facts. On 18 April 1971, while on patrol, State Trooper Coleman observed a 1954 two-toned Plymouth, occupied by the defendant and three other persons, being operated on Willy Pace Road in Alamance County. The Plymouth was weaving from one side of the road to the other, crossing two feet over the center line on two to three occasions in the course of 3/4 of a mile. Trooper Coleman observed the driver of the Plymouth turning the steering wheel "as if to make the car go first to the left and

then to the right." Trooper Coleman stopped the Plymouth and asked to see defendant-driver's operator's license. He detected a strong odor of alcohol on defendant's breath and noticed that his eyes were glary. He asked defendant to step back between the patrol car and defendant's vehicle, and as defendant walked back to this area he was unsteady on his feet. He advised defendant that he was under arrest for driving under the influence and would have to go with him to jail.

After placing defendant under arrest, Trooper Coleman took hold of defendant's right arm, at which time defendant jerked and made a quick movement toward a wooded area. Trooper Coleman grabbed defendant's shirt, and both fell into a shallow ditch. Trooper Coleman attempted to handcuff the defendant who hit him, twisted, and screamed for someone to come out of the vehicle defendant was operating and help him. In the scuffle, Trooper Coleman dropped his handcuffs, and, as he was trying to pick them up, defendant grabbed the handle of his service revolver with both hands and tried to pull it out. Trooper Coleman struck defendant with his blackjack, and, when defendant did not release his service revolver, struck him again. At this time, one or two of the occupants of the Plymouth got out of the vehicle and started toward Trooper Coleman and defendant. Defendant was calling to them, cursing, and telling them to come help him. Trooper Coleman told the two to get back in the car, which they did. Trooper Coleman got the handcuffs on defendant, radioed for help, and got a can of chemical mace from the patrol car.

While attempting to place defendant in the patrol car, defendant kicked Trooper Coleman in the chest with both feet, at which time Trooper Coleman sprayed defendant with chemical mace. After much difficulty, defendant was placed in the front seat of the patrol car. When the car was in motion, defendant again grabbed the grip of the service revolver with both hands, and Trooper Coleman again sprayed defendant with chemical mace and pushed him away.

Trooper Coleman met Trooper Davis at the intersection of NC 62 and NC 49, and asked defendant to transfer to Davis' car to be carried to the hospital for treatment. Defendant was uncooperative, and had to be placed in the second police car. After transferring defendant, Trooper Coleman returned to check on defendant's car, which was gone.

Defendant refused to take a breathalyzer test at the hospital. In Trooper Coleman's opinion, defendant was under the influence of intoxicating liquor at the time of his arrest.

Defendant offered evidence which tended to show the following facts: that defendant was not driving under the influence of intoxicating liquor, did not resist arrest, and did not assault Trooper Coleman; that defendant had taken some pills for his nerves on the date in question; that when Trooper Coleman stopped him, defendant showed him his operator's license as asked; that he was told to "Get out of the car" and to "Come with me"; that as defendant started to go with Trooper Coleman, he was grabbed by the arm, and that defendant pulled loose; that he had not been told he was under arrest; that Trooper Coleman shoved him into a ditch, handcuffed him, and beat him without provocation; that he was dragged out of Trooper Coleman's car and roughly treated in the transfer to Trooper Davis' car; that he refused to take the breathalyzer test before he received medical treatment for his cuts, and that after he received attention he refused because of the shots he had received in his treatment at the emergency room of the hospital; that defendant had a good general character and reputation. Defendant's evidence directly contradicted that of the State's.

The jury returned a verdict of not guilty of driving under the influence of intoxicating liquor, and guilty as to the charges of resisting arrest and assault on a police officer. From an active sentence of imprisonment, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Melvin, for the State.*

*W. R. Dalton, for the defendant.*

BROCK, Judge.

Defendant's assignments of error are directed to one principal argument. Defendant argues that the trial judge failed and refused to allow the jury to pass upon whether the arresting officer had reasonable grounds to believe that defendant had committed a misdemeanor (operated a motor vehicle upon a public highway while under the influence of intoxicating liquor) in the officer's presence.

Under the provisions of G.S. 20-183 and G.S. 15-41(1) a North Carolina Highway Patrolman has authority to arrest

without a warrant when the officer has reasonable ground to believe that the person to be arrested has committed a misdemeanor in the officer's presence.

[1] Defendant first argues that the verdict of not guilty of the offense for which defendant was arrested (driving a motor vehicle on a public highway while under the influence of intoxicating liquor) was tantamount to a finding that the arresting officer did not have reasonable ground to believe defendant had committed the offense in the officer's presence. This argument must fail. The failure of the State to satisfy the jury beyond a reasonable doubt of defendant's guilt of the offense charged is a far cry from a failure to satisfy the jury beyond a reasonable doubt that the arresting officer had reasonable ground to believe defendant had committed the offense in the officer's presence. In order to justify an officer in making an arrest without a warrant, it is not essential that the offense be shown to have been actually committed. It is only necessary that the officer have reasonable ground to believe such offense has been committed. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100.

Defendant argues that, unless the arresting officer had reasonable grounds to believe that defendant had committed the offense in the officer's presence, the arrest would be unlawful and defendant would be justified in resisting. We think the legal principles argued by defendant are generally sound.

"The offense of resisting arrest, both at common law and under the statute, G.S. 14-223, presupposes a lawful arrest." *State v. Mobley, supra.* Likewise, the offense under G.S. 14-33(c)(4) of assaulting a public officer when such officer is discharging or attempting to discharge a duty of his office presupposes lawful conduct of the public officer in discharging or attempting to discharge a duty of his office. "It is axiomatic that every person has the right to resist an unlawful arrest. In such case the person attempting the arrest stands in the position of a wrongdoer and may be resisted by the use of force, as in self-defense. (citations omitted)." *State v. Mobley, supra.*

Defendant further argues that his plea raised the question of whether the officer had reasonable grounds to believe defendant had committed the offense in the officer's presence. He argues that this is a factual question to be decided by the jury and that the trial judge would not allow the jury to decide it.

State v. Jefferies

[2]   We agree that the reasonableness of the officer's grounds to believe the defendant had committed a misdemeanor in the officer's presence, when properly raised, is a factual question to be decided by the jury. However, we do not agree with defendant that the jury was not allowed to decide the question in this case. The trial judge clearly instructed the jury that it must find beyond a reasonable doubt, as one of the elements of the offense of an assault on a public officer, that the officer had probable cause to believe that defendant had committed the offense in the officer's presence. With respect to the conviction of assault under G.S. 14-33 (c) (4) defendant's assignment of error is overruled.

[3]   However, with respect to the charge of resisting arrest, the trial judge did not require the State to prove beyond a reasonable doubt that the officer had reasonable grounds to believe the defendant had committed the misdemeanor offense in his presence. The instructions given merely required the State to prove beyond a reasonable doubt that the defendant resisted arrest "after an officer had given him notice that he was arresting him for a criminal offense." Under this instruction a defendant could be found guilty of resisting an *illegal* arrest. We hold this instruction to be incomplete and erroneous.

However, we note that the two charges of which defendant was found guilty were consolidated for judgment. The sentence imposed is fully supported by the verdict of guilty of assault under G.S. 14-33 (c) (4) in which we find no error. Therefore, we conclude that the error in the instruction upon the charge of resisting arrest is not prejudicial. *See State v. Thomas,* 244 N.C. 212, 93 S.E. 2d 63.

Defendant does not argue or otherwise raise any question in this case as to whether the evidence discloses one offense against the arresting officer or whether it discloses two offenses against the arresting officer. *Cf. State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569.

No error.

Judges CAMPBELL and GRAHAM concur.