State v. Avery

It was thereafter ordered that the official notice and record of revocation be reversed, and the Department was ordered to grant petitioner a hearing to consider the restoration of petitioner's driving privilege in the discretion of the Department.

The North Carolina Department of Motor Vehicles appealed.

*Attorney General Morgan, by Assistant Attorney General Ray, for the North Carolina Department of Motor Vehicles.*

*No counsel contra.*

---

STATE OF NORTH CAROLINA v. RONALD LEE AVERY

No. 738SC141

(Filed 23 May 1973)

Criminal Law § 171— error relating to one charge — concurrent identical sentences — harmless error

Where defendant and another inmate attempted an escape, the other inmate succeeded in getting out of the jail, but defendant merely

took the gun of the deputy sheriff which he later gave back upon his surrender, instruction by the trial court that the jury could presume the lawful confinement of the other inmate from the fact of his presence in the jail cell was error; however, that error was rendered nonprejudicial since the two year sentence imposed in the escape case runs concurrently with the two year sentence imposed in the assault case in which the verdict was regular.

APPEAL by defendant from *Webb, Judge,* 18 September 1972 Session of Superior Court held in WAYNE County.

*Attorney General Morgan, by Assistant Attorney General Icenhour, for the State.*

*Sasser, Duke & Brown, by John E. Duke, for defendant.*

BROCK, Judge.

Defendant was charged and convicted of (1) misdemeanor escape, and (2) felonious assault with a firearm upon a law-enforcement officer while such officer was in the performance of his duties.

Defendant and two others were locked in the jail in Wayne County. The jailer and a deputy sheriff went to the cellblock to carry one of the men back to court for trial. When the jailer opened the cell door, one of defendant's cellmates hit the jailer twice with his fist, and one threw salt in the deputy sheriff's eyes. One of the men than ran from the cell and the jailer pursued him, but the inmate succeeded in climbing out the kitchen window of the jail and getting away. The defendant jumped on the deputy sheriff and succeeded in taking his gun away from him. Later, he gave the gun back and surrendered without leaving the building.

The defendant seems to argue that the escape charge should have been nonsuited because there is no evidence that he actually escaped; and, that if he were convicted on the theory of aiding and abetting the other inmate to escape, that there was no showing that the other inmate was legally confined. The court instructed the jury that it could presume the lawful confinement of the other inmate from the fact of his presence in the jail cell. This, obviously, is error.

Nevertheless, there was sufficient evidence to justify submitting the case to the jury in the felony assault case. We hold that the court's instructions to the jury in the felony assault

case do not contain prejudicial error. The verdict in the assault case was regular, and the sentence imposed is well within the statutory limits.

Therefore, in accordance with the holding of our Supreme Court, error in the court's instructions to the jury in the escape case is rendered nonprejudicial because the two year sentence imposed in the escape case runs concurrently with the two year sentence imposed in the assault case. *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569.

No error.

Judges PARKER and HEDRICK concur.