STATE OF NORTH CAROLINA v. TOMMY WAYNE WILLIAMS

No. 7414SC278

(Filed 15 May 1974)

Assault and Battery § 15— discharging firearm into occupied dwelling — instructions — wilful act — knowledge of occupancy
    In a prosecution for wilfully discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1, the trial court erred in instructing the jury that in order to find defendant guilty the jury must find "that the defendant acted wilfully or wantonly which means that he must have known that one or more persons were in the dwelling," since the instruction equated wilful and wanton conduct with knowledge of occupancy and thereby attempted to condense two separate elements of the crime into one.

APPEAL by defendant from *Clark, Judge,* 22 October 1973 Session of DURHAM Superior Court.

· Heard in the Court of Appeals 19 April 1974.

Defendant was indicted for discharging a firearm into an occupied dwelling.

· Defendant and Ronnie Coy Hester engaged in a fight about 1:00 a.m. on 9 June 1973 outside a restaurant. After the fight, Hester went home, got out his rifle, unlocked his front door, and "sat on the couch and waited" with the lights off. About 4:30 a.m., an automobile stopped in front of Hester's house. A man armed with a pistol, whom Hester identified as defendant, leaned out the car window with a pistol and fired five shots into Hester's dwelling.

The only witness for the defense, defendant's grandmother, stated that defendant arrived home shortly before 11:00 p.m. on the night of 8 June 1973; that his face was cut and swollen; that his finger "was chewed"; that defendant said he was involved in a fight; and that she bandaged his wounds. The witness also testified that she was a light sleeper; that she checked on defendant several times during the night; and that defendant did not leave the house again that night.

Upon a verdict of guilty, defendant was sentenced to a prison term of 5-7 years. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*W. Paul Pulley, Jr., by Elisabeth S. Petersen, for defendant appellant.*

CAMPBELL, Judge.

The statute G.S. 14-34.1 under which defendant was indicted reads as follows:

"*Discharging firearm into occupied property.*—Any person who wilfully or wantonly discharges a firearm into or attempts to discharge a firearm into any building, structure, vehicle, aircraft, watercraft, or other conveyance, device, equipment, erection, or enclosure while it is occupied is guilty of a felony punishable as provided in § 14-2."

This statute was enacted for the protection of occupants of the premises, vehicles, and other property described in the statute. A violation is a serious crime. A homicide committed in the perpetration of the felony can result in conviction for murder in the first degree under the felony murder rule of G.S.

14-17. *State v. Tinsley,* 283 N.C. 564, 196 S.E. 2d 746 (1973) ; *State v. Williams,* 284 N.C. 67, 199 S.E. 2d 409 (1973).

A person is guilty of the felony created by G.S. 14-34.1 "if he intentionally, without legal justification or excuse, discharges a firearm into *an occupied building* with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons." *State v. Williams, supra.* In the instant case the learned trial judge instructed the jury:

> "Now for you to find the defendant guilty, you must be satisfied from the evidence and beyond a reasonable doubt of the following: First, that the defendant used a firearm. I instruct you that a pistol, a .38 caliber or thereabouts, is a firearm; second, that he discharged it into a dwelling, a duplex house or apartment; third, that the dwelling was occupied at the time that (the gun was discharged; and fourth, and last, that the defendant acted willfully or wantonly which means that he must have known that one or more persons were in the dwelling or apartment), and if you do not find all of these things and find so from the evidence and beyond a reasonable doubt it would be your duty to return a verdict of not guilty."

The defendant duly excepted to the portion of the charge set out above in parentheses.

Defendant asserts that this instruction equated wilful and wanton conduct with knowledge of occupancy of the building and attempted thereby to condense two separate elements of the crime into one.

We are of the opinion that this exception is well taken; and while we are advertent to the fact that it purports to be from "Pattern Jury Instructions for Criminal Cases in North Carolina," we think it is incorrect and that the correct definition as to what constitutes the offense is the quotation set out above from *State v. Williams, supra.*

Since the case must be tried again, we will not discuss the other assignments of error.

New trial.

Judges MORRIS and VAUGHN concur.