STATE OF NORTH CAROLINA v. ROBERT D. KEZIAH

No. 7420SC854

(Filed 18 December 1974)

Assault and Battery § 15— assault upon public officer discharging duty — driver's license check — instructions

In a prosecution for assault upon a public officer while he was attempting to discharge a duty of his office by checking defendant's driver's license, the trial court properly declared and explained the law relating to the officer's authority and duty to check the defendant's license and clearly instructed the jury that before they could return a verdict of guilty of the offense charged in the warrant, they must find that the officer was performing a duty of his office when the alleged assault occurred.

APPEAL by defendant from *Smith, Judge,* 17 June 1974 Session of Superior Court held in UNION County. Heard in the Court of Appeals on 20 November 1974.

The defendant was charged in a warrant, proper in form, with assaulting Highway Patrolman J. L. Barbee, a public officer, while he was attempting to discharge a duty of his office, to wit, "check the defendant's driver's license," a violation of G.S. 14-33(b)(4). The defendant was also charged with failing to exhibit his driver's license to Highway Patrolman Barbee upon request in violation of G.S. 20-29.

The two cases were consolidated for trial and judgment in the district court. Upon his conviction in the district court, defendant appealed to the superior court. When only the case

charging the defendant with assault upon a public officer was called for trial in the superior court, defendant made a motion to consolidate the two cases for trial. This motion was denied.

Upon defendant's plea of not guilty, the State offered evidence tending to show the following: At 3:00 a.m. on 27 April 1974, J. L. Barbee, a North Carolina Highway Patrolman, observed a motor vehicle proceed out of a private driveway onto State Route 75, move approximately 150 feet along this highway, and turn into another private driveway. The patrolman followed the vehicle into the second driveway "with the intention of stopping the vehicle and checking the operator's license of the driver." When Officer Barbee entered the driveway, he saw the backup lights of the other car come on; and the vehicle moved backwards toward the officer's automobile and stopped a few feet in front of the patrol car. The officer got out of his automobile and proceeded on foot toward the vehicle driven by the defendant. The defendant walked to meet the officer. The officer asked the defendant to show him his driver's license, and an argument ensued as to whether the defendant was obligated to show his license under the circumstances. When the defendant resolutely refused to exhibit his driver's license, the officer took hold of his arm and told him he was under arrest, and the defendant assaulted the officer by striking him in his ribs. After a considerable struggle between the two men, the officer called for help on his radio, and the defendant fled in his motor vehicle.

The defendant offered no evidence. From a verdict of guilty and the entry of judgment imposing a prison sentence of two years, defendant appealed.

*James H. Carson, Jr., Attorney General, by William F. Briley, Assistant Attorney General, for the State.*

*Clark and Griffin by Richard S. Clark for defendant appellant.*

HEDRICK, Judge.

Assignments of error 10, 12 and 13 relate to the court's instructions to the jury and present the question of whether the court erred in not instructing the jury that before the jury could find the defendant guilty of the offense charged it must find that the officer saw the defendant operating a motor vehicle on the public highway and that the officer must have had

reasonable grounds to believe the defendant had committed a misdemeanor in his presence. The defendant relies on *State v. Jefferies,* 17 N.C. App. 195, 193 S.E. 2d 388 (1972), in which this court held that where the defendant was charged with resisting an officer who was attempting to arrest him without a warrant for driving a motor vehicle while under the influence of · an intoxicating beverage it was error for the court not to instruct the jury as an element of the offense charged that the jury must find that the officer had reasonable grounds to believe that the defendant had committed a misdemeanor in his presence. In *Jefferies,* this court reasoned that absent such an instruction the jury could have found the defendant guilty of resisting an unlawful arrest.

We think the present case is distinguishable in that here the duty the officer was allegedly performing was that of checking the defendant's driver's license pursuant to G.S. 20-29 and G.S. 20-183(a). While there may be little or no distinction between resisting an officer by assaulting him and assaulting an officer while he is performing a duty of his office under G.S. 14-33(b)(4), there is considerable difference between being arrested unlawfully by an officer and having an officer lawfully check a driver's license pursuant to G.S. 20-29 and G.S. 20-183(a).

The record here is replete with evidence that Patrolman Barbee was performing a duty of his office by attempting to check the defendant's driver's license. The trial court declared and explained the law relating to the officer's authority and duty to check the defendant's driver's license and clearly instructed the jury that before they could return a verdict of guilty of the offense charged in the warrant, they must find that the officer was performing a duty of his office when the alleged assault occurred. These assignments of error are not sustained.

The only other assignments of error brought forward and argued in defendant's brief are: (1) That the court erred in denying his motion to consolidate the two misdemeanor charges for trial; (2) That the judgment is ambiguous and erroneous; and (3) That "a two-year active sentence in this case manifests inherent unfairness and injustice and offends the public sense of fair play." Suffice it to say, we have carefully examined each of these assignments of error and find them to be without merit.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MARTIN concur.