STATE OF NORTH CAROLINA v. EARL EUGENE PARKS

No. 748SC589

(Filed 18 December 1974)

Automobiles § 3; Criminal Law § 171— driving while license permanently revoked — error in charge — consolidation with another case for judgment

In a prosecution for driving while license was permanently revoked, the trial court erred in failing to charge the jury on what would constitute permanent revocation; however, such error was not prejudicial since the court consolidated the case for judgment with a conviction of driving under the influence, fifth offense, and the

sentence of 12 months is supported by the conviction of driving under the influence, fifth offense.

APPEAL by defendant from *Lanier, Judge,* 28 January 1974 Session of Superior Court held in WAYNE County. Heard in the Court of Appeals on 12 November 1974.

The defendant was charged in a warrant, proper in form, with operating a motor vehicle upon the public highway (1) while under the influence of an intoxicating beverage, fifth offense, and (2) while his operator's license was permanently revoked. The defendant was found "[g]uilty as charged to both offenses." The court consolidated the two cases for judgment and sentenced the defendant to be imprisoned in the county jail for twelve (12) months. Defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney William Woodward Webb and Associate Attorney James Wallace, Jr., for the State.*

*Strickland & Rouse by David M. Rouse for defendant appellant.*

HEDRICK, Judge.

By his first three assignments of error, based on exceptions duly noted in the record, the defendant contends the court in its instructions to the jury expressed an opinion on the evidence relating to the charge of driving under the influence, fifth offense. Each of these exceptions challenges a portion of the charge where the trial judge was stating the contentions of the State and when considered contextually with remainder of the instructions is clearly without error.

The defendant's fourth asisgnment of error relates to the court's instructions to the jury on the charge of operating a motor vehicle on the public highway while the defendant's operator's license was permanently revoked. The defendant contends: "The trial judge in defining the offense for the jury failed to give the jury any instructions on what would constitute permanent revocation, but merely instructed the jury on what they would need to find for driving while license revoked." The defendant was charged with a violation of G.S. 20-28(b), which in pertinent part provides:

"Any person whose license has been permanently revoked or permanently suspended, as provided in this Article,

who shall drive any motor vehicle upon the highways of this State while such license is permanently revoked or permanently suspended shall be guilty of a misdemeanor and shall be imprisoned for not less than one year."

While there is evidence in the record tending to show that defendant's operator's license was permanently revoked, nowhere in his instructions did the judge relate this aspect of the evidence to the charge in the warrant. This was error. In effect, the case was submitted to the jury as if the defendant had been charged with the lesser offense of driving while his license was suspended or revoked other than permanently under G.S. 20-28(a). If the jury had found the defendant guilty of the lesser offense, rather than "guilty as charged," the defendant, having been the beneficiary of the error, would have had no cause to complain. In any event, since the two cases were consolidated for judgment and the jail sentence of twelve months therein imposed is supported by the conviction of driving under the influence, fifth offense, under the authority of *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972); *State v. Avery,* 18 N.C. App. 321, 196 S.E. 2d 555 (1973); and *State v. Jefferies,* 17 N.C. App. 195, 193 S.E. 2d 388 (1972), the error in the charge in the case of driving while license was permanently revoked is not prejudicial.

No error.

Chief Judge BROCK and Judge MARTIN concur.