STATE OF NORTH CAROLINA v. SAMUEL PETE TANNER

No. 7410SC1062

(Filed 2 April 1975)

1. **Weapons and Firearms— discharging firearm in city — failure to instruct on self-defense**
    The trial court was not required to charge the jury that a city ordinance prohibiting the firing of a gun within the city limits is not

violated if the gun is fired in defense of person or property where there was no evidence that defendant was acting in defense of person or property when he fired the shot for which he was on trial. G.S. 160A-189.

**2. Property § 4— wilful damage to personalty — amount of damage — maximum sentence**

A sentence of six months was the maximum term that could be imposed for wilful damage to personal property, an automobile, where there was no proof and jury finding that the amount of damage to the automobile exceeded $200. G.S. 14-160(a), (b).

**3. Assault and Battery § 15— discharging firearm into occupied automobile — instructions — wilful act — knowledge of occupancy**

In a prosecution for wilfully discharging a firearm into an occupied automobile, the trial court erred in giving the jury an instruction which equated wilful and wanton conduct with knowledge of occupancy since it thereby attempted to condense two elements of the crime into one.

**4. Property § 4; Weapons and Firearms— discharging firearm in city — malicious damage to personalty — merger of offenses**

Elements of the offense of discharging a firearm in a city in violation of a city ordinance are embraced within the offense of wilful damage to personalty by shooting out an automobile window when that offense is proved to have been committed within the city, and defendant could not be convicted and sentenced for both offenses.

**5. Assault and Battery § 5; Property § 4— wilful damage to personalty — firing into occupied vehicle — no merger of offenses**

The elements of the offense of wilful damage to personalty by shooting out an automobile window are not embraced within the elements of the offense of discharging a firearm into an occupied vehicle since the element of damage in a charge of wilful damage to personalty is not an element of discharging a firearm into an occupied vehicle, and defendant could be convicted of both crimes.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 25 July 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 20 February 1975.

Defendant was convicted in superior court (1) of discharging a firearm within the Raleigh city limits in violation of § 15-21 of the Raleigh Code in Case No. 74CR16956, (2) of wilful damage to personal property, a violation of G.S. 14-160, by shooting out the front window of an automobile in Case No. 74CR16957, and (3) of discharging a firearm into an occupied automobile in violation of G.S. 14-34.1 in Case No. 74CR16958.

The State's evidence indicated that on 16 March 1974, during a date with one Ethel Partin, defendant discovered that

State v. Tanner

$1,300.00 of his money had disappeared. Earlier defendant had placed thirteen one hundred dollar bills in his front pocket. He and Partin got into an argument over the disappearance of the money. While they were arguing at defendant's house, Partin's son and nephew arrived and became involved in the argument. A scuffle ensued, and Partin, her son, and her nephew went outside, got into a car, and drove away. When they returned to the neighborhood later that night, defendant shot through the window of their car at them, injuring Partin's son, Robert. Defendant was arrested at his home following the shooting.

The only material difference between the State's evidence and that offered by the defendant was the fact that defendant maintained that he fired into the ground rather than at the car. Defendant offered several witnesses who supported his testimony.

The jury found the facts against the defendant, and a sentence was imposed in each case. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*Vaughan S. Winborne, for the defendant-appellant.*

BROCK, Chief Judge.

### Case No. 74CR16956

[1]   Defendant assigns as error the failure of the trial court to instruct that § 15-21 of the Raleigh Code, proscribing the firing of a gun within the city limits, is not violated if the gun is fired in defense of person or property. G.S. 160A-189 grants cities authority to regulate, restrict, or prohibit by ordinance "the discharge of firearms at any time or place within the city except when used in defense of person or property or pursuant to lawful directions of law-enforcement officers, and may regulate the display of firearms on the streets, sidewalks, alleys, or other public property."

Although firing in defense of person or property would not constitute a violation of the ordinance, there is no evidence that defendant fired either in self-defense or in defense of his property. Defendant testified that "[t]hey were running up the street, Ethel and another, I don't know if it was her son or nephew, but they was running up the street, and I shot, went

to the end of the porch, the balance (sic), and throwed the gun over and shot right down in the ground, and came on back in the house."

Without some evidence which would justify the jury's finding that defendant was acting in defense of person or property, the trial judge was not required to instruct the jury on the principle of self-defense. This argument is without merit.

### Case No. 74CR16957

[2] Defendant assigns as error the two-year sentence imposed for the violation of G.S. 14-160. That statute provides in G.S. 14-160(a) that, in cases of wilful or wanton injury to personal property, punishment is not to exceed either six months or a $500.00 fine, or both. G.S. 14-160(b) provides that injury to property causing damage in an amount in excess of $200.00 shall be punishable either by fine, imprisonment for a term not exceeding two years, or both.

There is no evidence or jury finding in this case as to the amount of damage done to the car in which Ethel Partin, her son, and her nephew were riding. In the absence of any proof that the damage was greater than $200.00, the defendant should have been sentenced pursuant to G.S. 14-160(a). We note that this would normally constitute only harmless error because the two-year sentence is to run concurrently with the four-to-six-year sentence imposed in Case No. 74CR16958 for shooting into an occupied vehicle. *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972); *State v. Avery,* 18 N.C. App. 321, 196 S.E. 2d 555, *cert. denied,* 283 N.C. 666 (1973). However, because we find error in the trial court's charge in Case No. 74CR16958, the error in sentencing defendant without proof of damage in excess of $200.00 is prejudicial error. Accordingly the case will be remanded for imposition of a proper sentence.

### Case No. 74CR16958

[3] Defendant assigns as error the following portion of the trial judge's instructions to the jury:

"I will go over those elements for you again. Seat them in your minds because you must resolve and say whether the evidence has established that you are satisfied beyond a reasonable doubt as to these three things: One, that the defendant intentionally discharged a shotgun into the

Pontiac automobile described in the bill of indictment and evidence in the case. Two, also that the Pontiac automobile was occupied at the time that the gun was discharged; and, third and finally, that the defendant acted willfully or wantonly, which means that he had knowledge that the automobile was occupied by one or more persons or that he had reasonable ground to believe that the automobile might be occupied by one or more persons. They are the three things that are essential to constitute guilt."

In *State v. Williams,* 21 N.C. App. 525, 204 S.E. 2d 864 (1974), an almost identical instruction was given to the jury. The defendant argued that the "instruction equated wilful and wanton conduct with knowledge of occupancy of the building and attempted thereby to condense two separate elements of the crime into one." 21 N.C. App. at 527. We found merit in his argument and held that the charge was erroneous, despite the fact that it was taken from "Pattern Jury Instructions for Criminal Cases in North Carolina." We are therefore similarly constrained to hold that the charge in this case, concerning a violation of G.S. 14-34.1, was erroneous. As stated in *Williams,* a correct charge would provide that the accused would be guilty if the defendant intentionally, without legal justification or excuse, discharged a firearm into an occupied vehicle with knowledge that the vehicle was occupied by one or more persons or when he had reasonable grounds to believe that the vehicle might be occupied by one or more persons. 21 N.C. App. at 527. Defendant's assignment of error is sustained, and a new trial on this charge (Case No. 74CR16958) is ordered.

Defendant has filed a separate motion in arrest of judgment in Cases No. 74CR16956 (discharging a firearm in the city) and No. 74CR16957 (wilful damage to property by shooting out the automobile window), contending that these two offenses merge into the greater offense charged in Case No. 74CR16958 (discharging a firearm into an occupied vehicle).

[4] It seems clear that the elements of the offense charged in Case No. 74CR16956 (discharging a firearm in the city) are embraced within the offense charged in Case No. 74CR16957 (wilful damage to property by shooting out the automobile window) when that offense is proved to have been committed within the city. The two offenses were shown to arise out of the same set of facts. "It is generally agreed that if a person is tried for a greater offense, he cannot be tried thereafter for a lesser

offense necessarily involved in, and a part of, the greater, . . . " 1 Wharton, Criminal Law and Procedure § 148, *quoted in State v. Peele,* 281 N.C. 253, 188 S.E. 2d 326 (1972). The fact that one constitutes a violation of the city code and the other constitutes a violation of a state statute does not justify successive convictions. *See Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed. 2d 435, *reh denied,* 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed. 2d 79 (1970). Therefore, judgment in Case No. 74CR16956 (discharging a firearm in the city) must be arrested.

[5]   We do not agree with defendant's contention that the elements in Case No. 74CR16957 (wilful damage to property by shooting out the automobile window) are the same as the elements in Case No. 74CR16958 (discharging a firearm into an occupied vehicle). The element of damages which must be shown in a charge of wilful damage to property is not an element in a charge of discharging a firearm into an occupied vehicle. Therefore, the two charges are not the same in fact or in law. Defendant's motion in arrest of judgment in Case No. 74CR16957 (wilful damage to personal property) is denied.

The result is this:

In Case No. 74CR16956, judgment arrested.

In Case No. 74CR16957, remanded for proper sentence.

In Case No. 74CR16958, new trial.

Judges VAUGHN and MARTIN concur.