State v. McLoud

STATE OF NORTH CAROLINA v. NANCY ANN McLOUD

No. 7510SC162

(Filed 18 June 1975)

1. **Indictment and Warrant § 14— motion to quash — resisting arrest — lawfulness of arrest**

    Motion to quash a warrant for resisting arrest on the ground defendant's arrest for disorderly conduct was unlawful was properly denied where there is nothing on the face of the warrant to indicate that the arrest for disorderly conduct was unlawful.

2. **Arrest and Bail § 5— resisting arrest — amount of force to overcome resistance — opinion testimony**

    In this prosecution for resisting arrest, defendant was not prejudiced by an officer's testimony that "I think we only used the amount of force that was necessary."

3. **Arrest and Bail § 3; Disorderly Conduct and Public Drunkenness §1— disorderly conduct — lawfulness of arrest — resisting arrest**

    Defendant's arrest for disorderly conduct was lawful, and she could be convicted for resisting such arrest, where she protested and remonstrated in a loud and boisterous manner against the arrest of another person and directed profane, racist and vulgar epithets at the arresting officers.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 1 November 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 6 May 1975.

This is a criminal prosecution wherein the defendant, Nancy Ann McLoud, was charged in separate warrants, proper in form, with (1) disorderly conduct and (2) resisting arrest. She was found guilty on both charges in the district court and appealed to the superior court for a trial *de novo.*

---

**State v. McLoud**

---

At the trial in the superior court, the State offered evidence tending to show the following: On 6 April 1974, L. R. Hall, an off-duty policeman working part-time as a security guard for the K-Mart on Western Boulevard in Raleigh, and R. L. Kidd, the K-Mart security manager, took Barry Moseley to the security office at the back of the store to question him with respect to the larceny of a pair of sunglasses. The defendant and her mother followed the men to the office and complained in a loud and boisterous manner about the detention of Moseley. Hall identified himself as a policeman and told them to leave. They refused and Kidd pushed them out of the room. Hall called the police department, and R. N. Hogg, a Raleigh policeman, was sent to the K-Mart to take Moseley to the magistrate's office. Moseley was then taken to Hogg's police car at the front of the store. The defendant and her mother were at the car and resumed their loud and boisterous protests. After Officer Hogg placed Moseley in the police car, the defendant continued her remonstrations against the officers and directed profane, racist, and vulgar epithets toward them. Officer Hogg thereafter attempted to arrest the defendant for disorderly conduct and she resisted by kicking, pushing, pulling, scuffling, and otherwise refusing to submit to arrest.

The defendant offered evidence tending to show the following: When the policemen took Moseley to the police car and began to search him, the defendant's mother told Moseley that if he had taken anything he should show it to the officers. One of the officers said, "Watch your mouth lady," and the defendant responded, "You can't tell her to shut her mouth like that." Officer Hogg thereupon grabbed the defendant, twisted her arm, pushed her to the ground, and handcuffed her.

The jury found the defendant not guilty on the charge of disorderly conduct but found her guilty of resisting arrest. From a judgment that defendant be imprisoned in the county jail for fifteen (15) days, she appealed.

*Attorney General Edmisten by Associate Attorney George J. Oliver for the State.*

*Vaughan S. Winborne for defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the denial of her motion to quash the warrant for resisting arrest. She argues that she had

a right to resist because her arrest for disorderly conduct was unlawful.

A motion to quash raises the question of the sufficiency of the warrant to charge the commission of a criminal offense. In passing on the motion, the court treats the allegations of fact in the warrant as true and considers only the record proper and the provisions of the statutes under which the offense is charged. *State v. Vestal,* 281 N.C. 517, 189 S.E. 2d 152 (1972). There is nothing on the face of the warrant here to indicate that the arrest for disorderly conduct was unlawful. This assignment of error is not sustained.

[2]  Next, defendant contends that the court erred in allowing Officer Hogg to testify over her objection and motion to strike that "at the same time—well, after we subdued the two women, which I think that we only used the amount of force that was necessary." While this testimony is clearly the officer's opinion as to whether he used excessive force in subduing the defendant and her mother, we do not perceive on the facts of this case how the admission of such evidence could have prejudiced defendant's trial for resisting arrest. Defendant also asserts that the court erred in not allowing her mother to testify that the police officer searched her pocketbook and that $80.00 and a "fingernail clip" were missing therefrom. This evidence was clearly irrelevant and properly excluded by the court.

Based on five exceptions in the record to comments of the trial judge during the taking of testimony and during the recapitulation of the evidence in the charge, the defendant contends the judge expressed an opinion on the evidence in violation of G.S. 1-180. Suffice it to say, we have carefully examined each comment challenged by these exceptions and find no impropriety whatsoever upon the part of the trial judge. This assignment of error has no merit.

[3]  Defendant next asserts that the court erred in overruling her motions for judgment as of nonsuit because the evidence disclosed that her arrest for disorderly conduct was unlawful. This argument is not persuasive. Under G.S. 14-288.4(a)(2), it is illegal to use "any utterance . . . or abusive language which is intended and plainly likely to provoke violent retaliation and thereby cause a breach of the peace." See, *State v. Summrell,* 282 N.C. 157, 192 S.E. 2d 569 (1972). The State's evidence tends to show that Officer Hogg arrested the defendant after she pro-

tested and remonstrated in a loud and boisterous manner against the arrest of Moseley and after she had directed profane, racist, and vulgar epithets at the officers. Under these circumstances, Hogg could reasonably believe that the statute (G.S. 14-288.4) had been violated in his presence. An arrest does not become unlawful merely because the person arrested is later acquitted of the crime for which he was arrested. *State v. Jefferies,* 17 N.C. App. 195, 193 S.E. 2d 388 (1972).

No useful purpose can be served by our discussing defendant's other assignments of error. We have carefully considered all the assignments of error in the record and conclude that the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.