STATE OF NORTH CAROLINA v. DARRELL MITCHELL FURR, ALIAS MICKEY WILKERSON

No. 7526SC151

(Filed 18 June 1975)

**Weapons and Firearms— discharging firearm into occupied building — improper instruction**

In a prosecution for discharging a firearm into an occupied building, the trial court committed prejudicial error in giving an instruction which equated wilful and wanton conduct with knowledge of occupancy of the building and thereby attempted to condense two separate elements of the crime into one.

APPEAL by defendant from *Chess, Judge.* Judgment entered 21 November 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 April 1975.

Defendant entered pleas of not guilty to five charges: three charges of assault with a deadly weapon, a charge of discharging a firearm into an occupied building, and a charge of assault with a deadly weapon with intent to kill, inflicting serious injuries, not resulting in death. All five cases were consolidated for trial. The case of assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death was dimissed for insufficient evidence. The jury returned verdicts of guilty to the remaining charges. From judgments sentencing him to imprisonment for a term of seven years for discharging a firearm into an occupied building, sentence to begin at the expiration of any and all sentences the defendant was then serving, with credit for time spent in custody awaiting trial, and to imprisonment for a term of two years for each of the three assault charges, each term to be served concurrently with the term imposed for discharging a firearm into an occupied building, defendant appealed.

State's evidence tended to show that the defendant and a friend were drinking beer at the Speedway Lounge on 25 June 1974; that the defendant "appeared to be drunk"; that the defendant and his friend were asked to leave "on account of his friend" but the defendant "did not want to leave" and a small scuffle took place outside the lounge upon their being removed from the premises; that the defendant threatened to return with a shotgun and, in fact, did return approximately 45 minutes later just as the lounge was closing. Virginia Yow opened the

back door, saw the defendant with a shotgun, and slammed the door closed. About the same time a blast went off which blew the door open and splinters from the blast hit Virginia Yow. Defendant stepped into the building saying, "All of you son of a bitches in here are going to die," and "You'll die tonight, Louis Yow." The defendant then fired a shot, which went over Fred Goodman's head. Louis Yow testified that he felt threatened by the defendant and that he shot his pistol twice, hitting the defendant in the shoulder. Then both of the guns jammed. Virginia Yow corroborated the testimony of her son, Louis.

No evidence was offered by the defendant.

*Attorney General Edmisten, by Assistant Attorney General John M. Silverstein, for the State.*

*William F. Hulse for defendant appellant.*

MORRIS, Judge.

With commendable candor, the State calls our attention to the following portion of the trial court's instruction with respect to the charge of discharging a firearm into an occupied building:

"Members of the jury, the defendant is also charged with discharging a firearm into an occupied building. Now, I charge that for you to find the defendant guilty of discharging a firearm into occupied property, the State must prove three things beyond a reasonable doubt. First, that the defendant intentionally and without justification or excuse discharged a shotgun into the Speedway Lounge; second, that the Speedway Lounge was occupied at the time the gun was discharged; and, third, that the defendant acted willfully or wantonly, which means that he had knowledge that the Speedway Lounge was occupied by one or more persons, or that he had reasonable grounds to believe that the Speedway Lounge might be occupied by one or more persons."

As we pointed out in *State v. Williams,* 21 N.C. App. 525, 204 S.E. 2d 864 (1974), and more recently in *State v. Tanner,* 25 N.C. App. 251, 212 S.E. 2d 695 (1975), although taken from the "Pattern Jury Instructions for Criminal Cases in North Carolina," we think this is an incorrect statement of the law

State v. Furr

in that it equates willful and wanton conduct with knowledge of occupancy of the building and thereby attempts to condense two separate elements of the crime into one. G.S. 14-34.1, the statute under which defendant was charged, reads as follows:

> "*Discharging firearm into occupied property.*—Any person who wilfully or wantonly discharges a firearm into or attempts to discharge a firearm into any building, structure, vehicle, aircraft, water craft, or other conveyance, device, equipment, erection, or enclosure while it is occupied is guilty of a felony punishable as provided in § 14-2."

The correct definition of what constitutes the offense is set out in *State v. Williams,* 284 N.C. 67, 73, 199 S.E. 2d 409, 412 (1973):

> "[A] person is guilty of the felony created by G.S. 14-34.1 if he intentionally, without legal justification or excuse, discharges a firearm into *an occupied building* with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons."

Defendant is entitled to a new trial on the charge of discharging a firearm into an occupied building because of error in the instructions to the jury on that charge. As to the other charges for which defendant was convicted, we find no error.

No. 74CR40018—New trial.

No. 74CR49708—No error.

No. 74CR49709—No error.

No. 74CR49710—No error.

Chief Judge BROCK and Judge HEDRICK concur.