STATE OF NORTH CAROLINA v. JAMES L. LEEPER

No. 7527SC513

(Filed 5 November 1975)

**Weapons and Firearms— discharging firearm into occupied dwelling — erroneous instructions**

> In a prosecution for wilfully or wantonly discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1, the trial court erred in giving an instruction which equated wilful or wanton conduct with knowledge that the house in question was occupied by one or more persons when the defendant fired the shot.

APPEAL by defendant from *Kirby, Judge*. Judgment entered 24 January 1975 in Superior Court, GASTON County. Heard in the Court of Appeals 13 October 1975.

The defendant, James L. Leeper, was charged in a bill of indictment, proper in form, with the felony of willfully or wantonly discharging a firearm into an occupied dwelling in violation of G.S. 14-34.1. From a verdict of guilty as charged and the imposition of a prison sentence of 18 months, defendant appealed.

*Attorney General Edmisten by Associate Attorney Noel Lee Allen for the State.*

*Atkins, Layton & Street, P.A., by Nicholas Street for defendant appellant.*

HEDRICK, Judge.

The statute G.S. 14-34.1 under which defendant was indicted is as follows:

> "*Discharging firearm into occupied property.*—Any person who wilfully or wantonly discharges a firearm into

State v. Leeper

or attempts to discharge a firearm into any building, structure, vehicle, aircraft, watercraft, or other conveyance, device, equipment, erection, or enclosure while it is occupied is guilty of a felony punishable as provided in § 14-2."

A person is guilty of the felony created by G.S. 14-34.1 "if he intentionally, without legal justification or excuse, discharges a firearm into *an occupied building* with knowledge that the building is then occupied by one or more persons or when he has reasonable grounds to believe that the building might be occupied by one or more persons." *State v. Williams,* 284 N.C. 67, 73, 199 S.E. 2d 409, 412 (1973). In the instant case Judge Kirby instructed the jury in pertinent part as follows:

" . . . that the defendant acted wilfully or wantonly which means that he had knowledge that the property of Mr. McCleave's on this occasion and at this time was occupied by one or more persons or that he had reasonable ground to believe that Mr. McCleave's property on Hoffman Road might be occupied by one or more persons . . . . "

Citing *State v. Williams,* 21 N.C. App. 525, 204 S.E. 2d 864 (1974), and *State v. Williams, supra,* the defendant contends that the portion of the instruction set out above is erroneous and entitles him to a new trial. We agree. The challenged instruction equates willful or wanton conduct with knowledge that the house in question was occupied by one or more persons when the defendant fired the shot.

The defendant at trial, and here, argues that he did not willfully, wantonly, or intentionally fire the shot into the house, but that he was firing at the steps. The record is replete with evidence tending to show that the defendant knew the house was occupied. Indeed, the defendant testified that he had just left the house where he had been assaulted immediately before firing several shots at the front steps. By equating, in the challenged instruction, willful or wanton conduct with knowledge that the house was occupied, the trial judge, in effect, removed from the jury's consideration defendant's contention that he did not willfully, wantonly, or intentionally fire the gun into the house. This error was prejudicial and entitles the defendant to a new trial.

New trial.

Judges MORRIS and ARNOLD concur.