State v. Burris

---

STATE OF NORTH CAROLINA v. ROBERT LEE BURRIS

No. 7526SC693

(Filed 3 December 1975)

1. Criminal Law § 26— assault with deadly weapon — discharging firearm into occupied building — two separate offenses

   Where defendant fired a shot at an individual who was standing on the porch of the house, the victim fell back into the house which was occupied by several adults and several children, and defendant then fired the shotgun at the house two or three more times, there were two separate, punishable offenses committed: discharging a firearm into an occupied building and assault with a deadly weapon with intent to kill.

2. Weapons and Firearms— discharging firearm into occupied building — instruction improper

   In a prosecution for discharging a firearm into an occupied building, the trial court's instruction which equated knowledge of occupancy of the building with wilful and wanton conduct was erroneous.

APPEAL by defendant from *Briggs, Judge.* Judgments entered 8 April 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 20 November 1975.

In case No. 74CR42046 defendant was charged in a bill of indictment with the felony of discharging a firearm into an occupied building. In case No. 74CR42047 defendant was charged with the felony of assault with a deadly weapon with intent to kill, inflicting serious injury. The cases were consolidated for trial. Defendant was found guilty of discharging a firearm into an occupied dwelling and found guilty of assault with a deadly weapon.

*Attorney General Edmisten, by Associate Attorney Robert W. Kaylor, for the State.*

*Barry M. Storick, for the defendant.*

BROCK, Chief Judge.

[1]   Defendant argues that his conviction of both offenses constitutes double jeopardy because both charges grew out of the same events. The State's evidence tends to show that defendant first fired the shotgun at Willie Ray Moore who, along with his brother, was standing on the porch of Alonzo Moore's residence. Pellets from the first shot fired struck Willie Ray Moore, and he fell back into the house. Several adults and several children were in the house. Thereafter defendant fired the shotgun at the Alonzo Moore residence two or three times. The assault offense had been completed when defendant fired the shotgun two or three more times at the residence without legal justification or excuse, with knowledge that the residence was occupied by one or more persons, or when defendant had reasonable grounds to believe the residence might be occupied by one or more persons. We hold that the two offenses constituted separate, punishable offenses under the evidence in this case. *See State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971). This assignment of error is overruled.

[2]   Although defendant has failed to set out with the clarity provided by the rules of appellate procedure his exception to the charge of the court, we do find the instruction of which he complains to be erroneous. The trial judge instructed the jury as follows:

"Now, I charge that for you to find the defendant, Robert Lee Burris, guilty of discharging a firearm into occupied property, that is a house occupied by Willie Ray Moore, the State must prove three things beyond a reasonable doubt. [First, that the defendant intentionally discharged

a shotgun into the residence of Willie Ray Moore, Jr.'s father on Kenny Street, occupied by Willie Ray Moore, Jr. Second, that such property was occupied at the .time that the gun was discharged and third, that the defendant, Robert Lee Burris, *acted willfully, wantonly which means that he had knowledge* that the residence of Willie Ray Moore's father was occupied by one or more persons or *that he had reasonable grounds to believe* that said property might be occupied by one or more persons."

The foregoing instruction is almost identical to the instructions in *State v. Williams*, 21 N.C. App. 525, 204 S.E. 2d 864 (1974), and in *State v. Tanner*, 25 N.C. App. 251, 212 S.E. 2d 695 (1975), both of which were disapproved by this Court. Although the foregoing instruction was taken from "Pattern Jury Instructions for Criminal Cases, North Carolina, 208.90," we hold it erroneous because it equates knowledge of occupancy of the building with wilful and wanton conduct and vice versa. The charge as given condensed two separate elements of the offense into one. We pointed out in the *Williams* case and in the *Tanner* case that a correct charge would provide that the accused would be guilty if he intentionally, without legal justification or excuse, discharged a firearm into an occupied building with knowledge that the building was then occupied by one or more persons, or when the accused had reasonable grounds to believe that the building might be occupied by one or more persons. General Statute 14-34.1 was construed to the same effect in *State v. Williams*, 284 N.C. 67, 199 S.E. 2d 409 (1973).

Because of this error in the charge, defendant is entitled to a new trial on the charge of discharging a firearm into an occupied building. We note that the sentence imposed upon the conviction of this offense under G.S. 14-34.1 exceeds the maximum allowable by law for such conviction; however, since there will be a new trial, this error is of no consequence.

We find no error in case No. 74CR42047 wherein defendant was found guilty of assault with a deadly weapon.

No error in case No. 74CR42047 (assault with a deadly weapon).

New trial in case No. 74CR42046 (discharging a firearm into an occupied building).

Judges BRITT and MORRIS concur.