STATE OF NORTH CAROLINA v. OTIS S. COOKE

No. 804SC312

(Filed 4 November 1980)

**1. Disorderly Conduct and Public Drunkenness § 1– public intoxication – necessity for specified disruptive conduct**

Mere *public intoxication standing alone is no longer unlawful, and in*

State v. Cooke

order for there to be a chargeable offense, the intoxicated person must be disruptive in one or more of the ways described in G.S. 14-444(a)(1)-(5).

2. **Disorderly Conduct and Public Drunkenness § 5; Arrest and Bail § 3.9– intoxication and disruptiveness in public – insufficient evidence for conviction – probable cause for arrest**

The statute making it unlawful for any person in a public place to be intoxicated and disruptive by "cursing or shouting at or otherwise rudely insulting others," G.S. 14-444(a)(4), was not violated by defendant's conduct in standing in a motel parking lot in an intoxicated condition, looking up toward the sky, and shouting "God is alive" and "God is in heaven" and other words which sounded like a foreign language. However, a complaint received by officers about defendant's conduct from a motel occupant, combined with the officers' observations of defendant's conduct, gave the officers reasonable grounds to suspect that defendant was in violation of the statute and probable cause to arrest him.

3. **Assault and Battery § 14.6– assaults on law officers – sufficiency of evidence**

The State's evidence was sufficient to support defendant's convictions of assaults on two officers in the performance of their duties where it tended to show that defendant forcefully resisted his lawful arrest by the officers and assaulted the officers in doing so.

4. **Searches and Seizures § 8– search incident to lawful arrest**

Marijuana found on defendant's person was lawfully seized pursuant to a search incident to defendant's lawful arrest.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 17 October 1979 in Superior Court, ONSLOW County. Heard in the Court of Appeals 10 September 1980.

On 5 June 1979, at about 1:15 a.m., Deputy Sheriff Hines received a call from the Sheriff's Department dispatcher, requesting that he respond to a complaint at the Red Carpet Inn on Highway 17 South of Jacksonville. The Red Carpet Inn is a motel which also has some efficiency apartments. Hines called Deputy Sheriff Samuel Jarman and told him the complaint involved a man shouting in the parking lot of the motel. Jarman arrived first. He observed defendant standing in the parking lot, looking up toward the sky, shouting and saying that "God is alive."

After observing defendant at close range for about a minute, Jarman called Hines to join him. Hines arrived shortly thereafter. Hines and Jarman got out of their cars and approached defendant. Hines heard defendant shouting and saying "God is alive and God is in heaven." He was shouting

some other words which sounded to Hines and Jarman like a foreign language. The two officers smelled the odor of alcohol about defendant. To them, his eyes appeared wild and glassy looking.

They asked defendant to identify himself but he did not respond to their request. Hines informed defendant he was under arrest and asked defendant to accompany him to the patrol car. Defendant stopped shouting and complied with the request. At the car, Hines asked defendant to place his hands on the car so he could be searched. Defendant complied. When the search was completed, Hines took defendant by the arm and attempted to handcuff him. Defendant jerked away and turned around to face Hines. Defendant assumed what appeared to be a karate stance but said nothing. At this point Hines sprayed defendant with mace, a chemical substance similiar to tear gas. Defendant then struck Hines, knocking him off his feet, and ran toward and into a nearby apartment. The two officers followed defendant into the apartment. Defendant then attacked the officers. The officers responded with force, but they were able to subdue defendant only after a third officer arrived and assisted them. Defendant was then taken to Onslow County Memorial Hospital, where Officer Jarman arrested him and charged him with assaulting a police officer and resisting arrest. At this time, Jarman informed Hines that the defendant was talking, and Hines then searched defendant and found marijuana in his clothing.

Defendant was charged under a warrant with and was tried and convicted in the district court of assaulting a law enforcement officer while the officer was attempting to discharge a duty of his office, in violation of G.S. 14-33(b)(4) and with possession of a controlled substance, marijuana, in violation of G.S. 90-95(d)(4); was charged under a warrant with and was tried and convicted of assault on a law enforcement officer while the officer was attempting to discharge a duty of his office and for resisting arrest; and was charged under a warrant with and was tried and convicted of appearing drunk and disruptive in a public place and of resisting arrest. The warrant on the charge of appearing drunk and disruptive charged defendant was using vile and vulgar language in the presence of two or more citizens. Before trial, the district attorney filed a statement of

charges in which he alleged that defendant appeared intoxicated and disruptive in a public place by shouting at the Red Carpet Inn, insulting and disturbing occupants of the motel.

From the judgments entered in the district court, defendant appealed to the superior court, where he pled not guilty to and received a trial *de novo* on all charges. In the superior court, the trial judge entered a directed verdict of not guilty to both charges of resisting arrest. The jury returned guilty verdicts on all of the other charges. From judgment entered on the verdicts in the superior court, defendant has appealed to this Court.

*Attorney General Rufus L. Edmisten, by Associate Attorney General Thomas J. Ziko, for the State.*

*Fred W. Harrison for the defendant appellant.*

WELLS, Judge.

Defendant brings forward two assignments of error, the first relating to the search incidental to his arrest which disclosed his possession of marijuana, the second relating to the trial court's denial of his motions to dismiss. We will discuss these assignments in reverse order.

[2] Defendant argues that he was not violating G.S. 14.444(a)(4) by shouting in the parking lot so that his conduct was not such as to give the officers probable cause to arrest him, that his arrest was illegal, and that all charges against him should have been dismissed.

We consider first the question of whether defendant's conduct was such that the officers had reasonable grounds for believing that he was violating G.S. 14-444(a)(4) and thus committing an offense in their presence. This appears to be a case of first impression before our Courts.

Article 59 of Chapter 14 of the General Statutes was enacted by the 1977 Session of the General Assembly, *see* 1977 N.C. Sess. Laws, 2d Sess., ch. 1134. Its companion, Article 7B of Chapter 122 of the General Statutes, was also enacted under Chapter 1134 of the 1977 N.C. Session Laws. Both Articles are entitled Public Intoxication, and together, they set out the public policy of this State in dealing with persons intoxicated in public. In the same enactment, the General Assembly repealed

former Article 42 of Chapter 14, entitled Public Drunkenness. A comparison of the provisions of the old and the new statutes quickly reveals the intent of the General Assembly to remove public intoxication from the list of statutory crimes in North Carolina.

Old G.S. 14-334 and 14-335, in pertinent part, provided as follows:

> Public drunkenness and disorderliness. — It shall be unlawful for any person to be drunk and disorderly in any public place or on any public road or street in North Carolina; person or persons convicted of a violation hereof shall be guilty of a misdemeanor, and shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days in the discretion of the court.

> Public drunkenness. — (a) If any person shall be found drunk or intoxicated in any public place, he shall be guilty of a misdemeanor and upon conviction or plea of guilty shall be punished by a fine of not more than fifty dollars ($50.00) or by imprisonment for not more than 20 days in the county jail.

New Article 59, in its entirety, provides as follows:

### Public Intoxication.

§ 14-443. Definitions. — As used in this Article:

(1) "Alcoholism" is the state of a person who habitually lacks self-control as to the use of intoxicating liquor, or uses intoxicating liquor to the extent that his health is substantially impaired or endangered or his social or economic function is substantially disrupted; and

(2) "Intoxicated" is the condition of a person whose mental or physical functioning is presently substantially impaired as a result of the use of alcohol; and

(3) A "public place" is a place which is open to the public, whether it is publicly or privately owned.

§ 14-444. Intoxicated and disruptive in public. —

(a) It shall be unlawful for any person in a public place to be intoxicated and disruptive in any of the following ways:

(1) Blocking or otherwise interfering with traffic on a highway or public vehicular area, or

(2) Blocking or lying across or otherwise preventing or interfering with access to or passage across a sidewalk or entrance to a building, or

(3) Grabbing, shoving, pushing or fighting others or challenging others to fight, or

(4) Cursing or shouting at or otherwise rudely insulting others, or

(5) Begging for money or other property.

(b) Any person who violates this section shall be guilty of a misdemeanor punishable by a fine of not more than fifty dollars ($50.00) or imprisonment for not more than 30 days. Notwithstanding the provisions of G.S. 7A-273(1), a magistrate is not empowered to accept a guilty plea and enter judgment for this offense.

§ 14-445. Defense of alcoholism. — (a) It is a defense to a charge of being intoxicated and disruptive in a public place that the defendant suffers from alcoholism.

(b) The presiding judge at the trial of a defendant charged with being intoxicated and disruptive in public shall consider the defense of alcoholism even though the defendant does not raise the defense, and may request additional information on whether the defendant is suffering from alcoholism.

§ 14-446. Disposition of defendant acquitted because of alcoholism. — If a defendant is found not guilty of being intoxicated and disruptive in a public place because he suffers from alcoholism, the court in which he was tried may retain jurisdiction over him for up to 15 days to determine whether he is an alcoholic in need of care as defined by G.S. 122-58.22 or 122-58.23. The trial judge may make that determination at the time the defendant is found not guilty or he may require the defendant to return to court for the determination at some later time within the 15-day period.

§ 14-447. No prosecution for public intoxication. — (a) No person may be prosecuted solely for being intoxicated in a public place. A person who is intoxicated in a public place and is not disruptive may be assisted as provided in G.S. 122-65.11.

(b) If, after arresting a person for being intoxicated and disruptive in a public place, the law-enforcement officer making the arrest determines that the person would benefit from the care of a shelter or health-care facility as provided in G.S. 122-65.11, and that he would not likely be disruptive in such a facility, the officer may transport and release the person to the appropriate facility and issue him a citation for the offense of being intoxicated and disruptive in a public place.

[1] Thus, by repealing the old and enacting the new, the General Assembly made clear its intent that mere public intoxication standing alone was no longer to be considered unlawful and further, that for there to be a chargeable offense, the intoxicated person must be disruptive *in one or more of the ways described in* G.S. 14-444(a), subsection (1) through (5).

The provisions of G.S. 14-447 to the effect that no person may be *prosecuted* solely for being intoxicated in a public place make it abundantly clear that no person may be *arrested* solely for being intoxicated in a public place. Those who are intoxicated but not disruptive may be *assisted* but not arrested. G.S. 122-65.11.

[2] We hold that defendant's observed conduct on the occasion of his initial arrest was not in violation of G.S. 14-444(a)(4) and that this charge against him should have been dismissed. We hold, nevertheless, that the complaint received by the officers, combined with the conduct they observed, gave them reasonable grounds to suspect that defendant was in violation of the statute and that they therefore had probable cause to make the arrest.

Our Supreme Court has stated that probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.

"The existence of 'probable cause,' justifying an arrest without a warrant, is determined by factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. It is a pragmatic question to be determined in each case in the light of the particular circumstances *and the particular offense* involved." [Emphasis supplied.]

*State v. Harris*, 279 N.C. 307, 311, 182 S.E. 2d 364, 367 (1971).

[3] It is clear from the evidence that defendant forcefully resisted his arrest and in doing so, assaulted Officers Hines and Jarman. There was more than sufficient evidence to convict on these charges, and defendant's assignment of error on these charges is overruled.

[4] Defendant's final assignment of error concerns the introduction — over defendant's objection — of evidence of defendant's possession of marijuana. In that the search of defendant was carried out incident to a lawful arrest, this assignment is overruled. *See State v. Wooten*, 34 N.C. App. 85, 237 S.E. 2d 301 (1977).

In that defendant's convictions of violation of G.S. 14-444(a)(4) and of assaulting the officers were consolidated for judgment and sentence and as the convictions of assault support the judgment and sentence, defendant is not entitled to relief. *See State v. Jeffries*, 17 N.C. App. 195, 193 S.E. 2d 388 (1972), *cert. denied*, 282 N.C. 673, 194 S.E. 2d 153 (1973).

No error.

Judges ARNOLD and ERWIN concur.