## THE STATE v. DEEMS PUGH.

*Assault and Battery—Police Officer—Arrest.*

1. A police officer may, for the purpose of stopping a fight, strike a blow, and he is the judge of the degree of force necessary to be used under the circumstances ; but if he wantonly, or maliciously, or unnecessarily exercises this power, he will be guilty of an assault and battery, and of this the jury is the judge under proper instructions from the Court.

2. The presumption is the officer acted in good faith, and the jury should be directed not to weigh his conduct in " gold scales" against him.

This was an INDICTMENT against the defendant, who was one of the policemen of the city of Wilmington, for an assault and battery, tried in the Criminal Court of NEW HANOVER County, before *Mears, J.,* at September Term, 1888.

Smith, a witness for the State, on whom the assault and battery was alleged to have been committed, testified that at the time of the alleged assault he was engaged in a fight with one Bailey in a back yard in Wilmington, and while so engaged the defendant came up and struck him on his head with his club; that at the time he was struck he, witness, was making at Bailey; that the officer did not catch hold of him, and he did not hear the officer say to him, before striking him, "consider yourself under arrest"; that after the officer struck him and broke up the fight and was leading him away, he, witness, struck Bailey again in his face with his fist; that he, witness, had been drinking, and though not drunk, he was pretty full at the time.

Pugh, the defendant, testified that his attention had been called to the fact that a fight was going on in Mr. Bailey's back yard; that on looking through the store from the sidewalk, at the front, he saw Mr. Bailey and Mr. Smith fighting; that he hurried through to the parties, and found Mr. Bailey backing and Mr. Smith advancing on him and striking at him; that he immediately grasped Smith on his shoulder, at the same time saying to him, "consider yourself under arrest"; that Smith then cast his eye at him, and did not heed the arrest, but went right on striking at Bailey, and was in the act of striking Bailey when he, witness, struck him with his club; that Smith would have struck Bailey again after his arrest if he, witness, had not struck him, and that he struck him to prevent his striking Bailey again; that after he caught hold of Smith and told him to consider himself under arrest, he could feel him pressing forward to strike at Bailey; that the blow he gave Smith stopped the fight; and that afterwards, whilst he was taking Smith off, having hold of him, he struck Bailey a severe blow in his face with his fist, on Mr. Bailey's requesting him, the defendant, to carry him through the back way, and let him wash.

He then drew back to strike him again, but on request of a bystander, who promised that he should go without further trouble, desisted.

There was other testimony tending to support the different versions of these two witnesses.

His Honor charged the jury that if they believed the evidence of the witnesses, even upon the testimony of the defendant himself, the defendant was guilty, because the prosecutor offered no resistance to the officer, and there was no necessity for the blow.

The defendant's counsel excepted to his Honor's charge.

The jury returned a verdict of guilty, and from the judgment rendered thereon the defendant appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

MERRIMON, J. The evidence, certainly parts of it, tended to prove that the defendant was a policeman in the line of his duty; that he found the prosecutor engaged in a fight, advancing upon his retreating adversary, one Bailey; that he grasped the prosecutor on the shoulder while he was so engaged, and bade him " consider himself under arrest"; that the latter cast his eye at him but did not heed the arrest or desist from the fight, but went right on striking at Bailey, and was in the act of striking him when he struck the prosecutor with his club—one usually carried by policemen—and that the blow was given to prevent him from striking Bailey.

It was the duty of the defendant to interfere and suppress the fight, and if need be, he might, in good faith, strike a reasonable blow for the purpose. While he had no authority to strike an unnecessary blow, or one greatly in excess of what was necessary for the purpose, and wanton, he was the judge of the force to be applied under the circumstances,

and he would not be guilty of an assault and battery unless he arbitrarily and grossly abused the power confided to him, and whether he did or not was an inquiry to be submitted to the jury, under proper instructions from the Court. A grossly unnecessary, excessive and wanton exercise of force would be evidence—strong evidence—of a wilful and malicious purpose, but the jury ought not to weigh the conduct of the officer as against him in "gold scales"; the presumption is he acted in good faith. This is the rule applicable in such cases as the present one, as settled in *State* v. *Stalcup,* 2 Ired., 50; *State* v. *McNinch,* 90 N. C., 696, and the cases there cited. So also, *State* v. *Bland,* 97 N. C., 438.

The Court instructed the jury "that if they believed the evidence of the witnesses, even upon the testimony of the defendant himself, the defendant was guilty, because the prosecutor offered no resistance to the officer, and there was no necessity for the blow." But there was evidence that the prosecutor persisted in the fight after and while the defendant had hold of him, and he persisted in it until he was forced to desist by the blow. This was *evidence* of resistance to the officer, and of the necessity to exercise force to suppress further violence. In view of the evidence the case should have been submitted to the jury substantially as indicated above.     Error.