## PRICE v. STANLEY.

(Filed March 12, 1901.)

MALICIOUS PROSECUTION—*Probable Cause.*

> An action for malicious prosecution cannot be sustained where a verdict and judgment of conviction have been had in a court of competent jurisdiction.

ACTION by W. G. Price against J. H. Stanley, heard by Judge *W. S. O'B. Robinson,* at November Term, 1900, of

JOHNSTON County Superior Court. From a judgment for the defendant, the plaintiff appealed.

*Jas. H. Pou,* for the plaintiff.
*E. S. Abell,* and *Wellons & Morgan,* for the defendant.

MONTGOMERY, J. This action was brought by the plaintiff to recover damages from the defendant for alleged malicious prosecution. A Justice of the Peace of Johnston County, upon the complaint of the defendant in this action (Stanley), issued a warrant against the plaintiff in this action (Price), in which Price was charged with wilfully and unlawfully trespassing upon the lands of Stanley "by raking up and hauling off manure." After hearing the evidence in the criminal proceedings, the Justice of the Peace adjudged that Price was guilty. He, however, bound him over to the next term of the Superior Court of Johnston County. At that term of the Superior Court a *nol pros.* was entered by the Solicitor in the action.

On the trial of the present action the plaintiff testified that the defendant had told him not to go on the land again; that the fences were all on his, defendant's, land, and that he, the plaintiff, must not rake up manure or any more dirt from the fence jambs, as all the jambs and the fence were on defendant's land. The defendant demurred to the plaintiff's evidence. His Honor sustained the demurrer and dismissed the action, and the plaintiff appealed.

We think that his Honor committed no error in the matter. The offence charged in the warrant was not as clearly set out as it might have been, but on the hearing and the trial before the Justice of the Peace the evidence made clear any seeming uncertainty of the offence charged, and that it was for a misdemeanor of which the Justice of the Peace had jurisdiction.

After the judgment of guilty had been rendered against the plaintiff, the Justice of the Peace bound the plaintiff over to the Superior Court instead of having disposed of the matter by a final judgment. But for this error on the part of the Magistrate the defendant is not responsible. The Justice of the Peace had jurisdiction of the offence which he investigated and tried, and there was a judgment of guilty. If by any means a trial had been afterwards had in the Superior Court, and the same had resulted in an acquittal of the plaintiff Price, nevertheless the conviction in the Justice's court—a court of competent jurisdiction—established probable cause for the prosecution. *Griffis v. Sellars,* 19 N. C., 493.

No error.