### D. O. MOORE v. J. BRYAN WINFIELD.

(Filed 27 February, 1935.)

**Malicious Prosecution A c—Conviction obtained by fraud in lower court is not conclusive evidence of probable cause.**

> Plaintiff was convicted in the recorder's court of larceny. On appeal to the Superior Court a *nolle prosequi* was entered. Plaintiff then instituted this action for malicious prosecution in the Superior Court against the prosecuting witness in the criminal action, and introduced plenary evidence that the conviction in the recorder's court was obtained by fraud upon false and perjured testimony secured by threats and promises of reward: *Held,* the conviction in the recorder's court was not conclusive evidence of probable cause, and the question of whether defendant had probable cause to believe plaintiff guilty of the larceny as charged in the warrant sworn out by defendant was properly submitted to the jury under correct instructions from the court, and testimony of a witness tending to show that the witness' testimony in the trial in the recorder's court was procured by intimidation is competent.

APPEAL by defendant from *Sinclair, J.,* and a jury, at October Term, 1934, of BEAUFORT. No error.

This is an action for malicious prosecution, brought by plaintiff against defendant. The following issues were submitted to the jury, and their answers thereto: "(1) Was the warrant offered in evidence, dated 23 June, 1923, maliciously sworn out by the defendant against the plaintiff, as alleged in the complaint? A. 'Yes.' (2) Was said warrant issued and sworn out by the defendant without probable cause of plaintiff's guilt of the charge therein contained? A. 'Yes.' (3) Has the action therein been terminated by a *nolle pros.* having been entered in the cause? A. 'Yes.' (4) What actual damages, if any, is plaintiff entitled to recover? A. '$500.00.' (5) What punitive damages, if any, is plaintiff entitled to recover? A. .. .........."

Judgment was rendered on the verdict in the court below. Defendant made many exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*H. C. Carter for plaintiff.*
*Ward & Grimes for defendant.*

CLARKSON, J.   At the close of plaintiff's evidence and at the close of all the evidence the defendant, in the court below, made motions for judgment as in case of nonsuit.  C. S., 567.  The court below over-ruled these motions, and in this we can see no error.  The question presented: Is the conviction of the defendant in a criminal action in a lower court procured by the prosecuting witness upon evidence known to him to be perjured conclusive evidence of probable cause?   We think not, under the facts and circumstances of this case.

The plaintiff in his complaint alleges: "That not only was said war-rant sworn out maliciously and without probable cause of plaintiff's guilt, but such evidence against plaintiff as was produced in the trial of the cause in said recorder's court was untrue, and was secured by the defendant herein by threats, intimidations, and promises of rewards to the witnesses so testifying, as plaintiff is advised, believes, and alleges."

The plaintiff was tried in the recorder's court for Washington, Long Acre, Chocowinity, and part of Bath townships, in Beaufort, North Carolina (chapter 74, Public-Local Laws of North Carolina, 1911, sub-section D of section 7), for the larceny of about two bags of oats (in the warrant it was alleged two tons).   Defendant employed counsel to prosecute plaintiff in the recorder's court.

On the trial plaintiff was found guilty, and it was ordered and ad-judged that he be confined in the common jail of Beaufort County for sixty days, to be assigned to work the roads; judgment to be suspended upon $25.00 fine, and costs.

The recorder's court had final jurisdiction of the action.   Plaintiff appealed to the Superior Court, and when the action was called for trial at the April (Special) Term, 1933, of the Superior Court of Beaufort County, the State, through its solicitor and counsel representing the defendant, stated in open court that the prosecution was unable to make out a case against the defendant upon the charge laid against him, and thereupon the State took a *nolle prosequi* in said action, and the same has been terminated.

The main question on this appeal is the exception and assignment of error made by defendant, which cannot be sustained, to the charge of the court below, as follows, in parentheses: "I charge you further, if you believe from the evidence that the defendant caused the warrant mentioned in the complaint to be issued against the plaintiff, and that plaintiff upon his trial before the recorder on said warrant was con-victed in the recorder's court, such conviction is conclusive evidence of probable cause, and you would answer the second issue 'No' (unless you

further find from the evidence that the defendant procured the conviction of the plaintiff in said recorder's court by means of evidence known to said defendant to be false, or that such conviction was procured through fraud of the defendant; and, if you find that plaintiff's conviction was procured by means of evidence known to the defendant to be false, then it is for the jury to say upon all the evidence whether the defendant had probable cause to believe plaintiff guilty of the larceny of the oats, as charged in the warrant sworn out by the defendant)."

In *Williams v. Woodhouse,* 14 N. C., 257 (259), we find: "When an action is brought for a malicious prosecution, it is indispensable that the plaintiff should not only show forth the record of the prosecution, but also, by the same record, his acquittal of the charge made against him. 2 Stark. on Evidence, 906. If he cannot do this, he must fail in his action. So, likewise, must he fail if he shows forth a record which shows a verdict and judgment of conviction. *That judgment is evidence of his guilt whilst it is in force. . . . The plaintiff certainly confines himself to very narrow limits. He suffered under that judgment, but he admits its legality."* (Italics ours.) *Spillman v. Williams,* 91 N. C., 483 (487); *Sledge v. Elliott,* 116 N. C., 712 (716).

In *Overton v. Combs,* 182 N. C., 4 (8-9), the following observations are made: "This, however, was because of alleged irregularity, and in neither of these subsequent orders nor in other portions of the record is there an entry or ruling that challenges or purports to challenge the facts established by the verdict, or which militates or weakens its force and effect on the question of probable cause. There are courts of the highest respectability and learning which hold that where a verdict and judgment has been set aside for fraud, collateral to the principal cause of action, and more especially where it is of such a nature as to have deprived the original defendant of his opportunity to disclose his case, such an action will prevent the operation of the principle to which we have adverted. See a learned discussion of this subject in *Crescent City Livestock v. Butchers' Union,* 120 U. S., 141-149, *et seq.;* 18 R. C. L., title, Malicious Prosecutions, secs. 21 and 27. Others, going further, have held that the position may be made available on allegations of such fraud with adequate proof to support them. But neither of these positions are open to plaintiff on the present record where, as stated, the former judgment was disturbed on the ground of irregularity only."

In the present action the plaintiff appealed from the conviction in the recorder's court to the Superior Court, and a *nolle prosequi* was entered in that court, and the action terminated.

In 2 Freeman on Judgments (5th Ed.), part sec. 655, p. 1381, speaking to the subject: "And the record of plaintiff's conviction is doubtless conclusive evidence against him, in an action for malicious prosecu-

25—207

tion resulting in probable cause, particularly where it was based upon a plea of guilty. This effect of such conviction continues in some of the states, though a new trial has been granted or the judgment reversed upon appeal; in others, such conviction, after being set aside upon appeal, or by the granting of a new trial, is *prima facie* evidence only of the existence of probable cause; while in others it remains conclusive evidence, unless shown to have been procured by artifice or fraud."

We think the great weight of authority is to the effect that a conviction and judgment in a lower court is conclusive, but if not sustained on appeal, it can be impeached for fraud or other unfair means in its procurement.

In *Haddad v. Chesapeake & O. Ry. Co.,* 77 West Va., 710, the matter is carefully considered, citing a wealth of authorities, it is there held, in substance: A judgment of conviction for larceny, although reversed on writ of error, and the accused discharged from further prosecution on remand of the case, is conclusive evidence of probable cause for believing the accused guilty of the offense charged to him, unless the conviction was procured by fraud; and on plaintiff in an action for malicious prosecution devolves the duty of averring and by convincing proof showing such fraud or other undue means.

We think the allegation in the complaint and the evidence fully sufficient to support the charge of the court below. We see no error in the court below refusing defendant's prayer for special instruction.

From the view we take of the law in this action, the following exception and assignment of error made by defendant cannot be sustained: "Error is assigned to the admission of the testimony of W. A. Smith, where he said that defendant told him if Moore beat him in the recorder trial, it would ruin him, and, 'I can't make you go before the court and do that, but I can make you wish you had done it,' and where he, therefore, said that he was induced by Winfield to swear to a lie in the recorder's court."

The judge of the recorder's court was the trier of the facts. It is not a question "that the court was controlled by that false testimony." The question before the court was whether the evidence was true or false. The recorder found the evidence true, and convicted and pronounced judgment on the defendant, and on appeal there was a *nolle prosequi* taken in the Superior Court. In this case it was shown by plenary evidence that the evidence upon which plaintiff was convicted in the recorder's court was false and perjured, and secured by threats, intimidations, and promises of reward—or otherwise through fraud.

We see no prejudicial or reversible error in the trial of the court below.

No error.