RANDY LEON PRIDDY v. COOK'S UNITED DEPARTMENT STORE; DARRELL NIFONG; AND CHARLES A. MADDREY

No. 7321SC5

(Filed 31 January 1973)

1. Assault and Battery § 2; False Imprisonment § 2— one year statute of limitation applicable

Plaintiff's complaint and affidavit affirmatively showed that his claim for assault and false imprisonment arose more than one year before suit was instituted; therefore, those claims were barred by the applicable one-year statute of limitation. G.S. 1-54(3).

2. Malicious Prosecution §§ 1, 4— probable cause — conviction in district court — conclusiveness on issue of probable cause

Absent a showing that it was obtained by fraud or other unfair means, conviction of plaintiff in district court for misdemeanor larceny under the warrant that was the basis for this later claim of malicious prosecution conclusively established the existence of probable cause, an essential element of malicious prosecution, even though plaintiff was afterwards acquitted of the larceny charge in superior court.

APPEAL by plaintiff from *Gambill, Judge,* 24 July 1972 Session of Superior Court held in FORSYTH County.

Civil action instituted 5 May 1972 for assault, false imprisonment and malicious prosecution.

Plaintiff alleged in his complaint that on 27 February 1971, the individual defendants, while acting as agents for Cook's United Department Store, accused plaintiff of stealing articles from the store, physically detained him against his will, and thereafter caused a warrant to issue for his arrest on a charge of misdemeanor larceny. The complaint further alleged that plaintiff was brought to trial in the Superior Court of Forsyth County upon the warrant, and that his motion for non-suit was allowed at the conclusion of the State's evidence.

In their answer, defendants denied the essential allegations of the complaint, pleaded the statute of limitations in bar of plaintiff's claims for assault and false imprisonment, and alleged plaintiff's conviction in district court for the offense charged in the warrant as a bar to his claim for malicious prosecution.

Defendants moved for summary judgment and filed an affidavit showing that plaintiff was convicted in the District Court of Forsyth County for the larceny charged, and that he gave notice of appeal to superior court.

In opposition to defendants' motion, plaintiff filed an affidavit which tends to show the following: On 27 February 1971, plaintiff purchased some dust caps and a battery from Cook's United Department Store. When plaintiff got outside the store, defendant Nifong, a salesman, and defendant Maddrey, a security officer, accused plaintiff of the theft of some lug nuts and demanded that he produce them. Plaintiff tried to explain that he had paid for everything that he purchased from the store and made efforts to gain his freedom. The individual defendants physically took plaintiff to an office in the store and repeatedly accused him of stealing. A warrant for the alleged larceny was served on plaintiff and he was convicted in the district court. He appealed, and upon trial in superior court, judgment of nonsuit was granted.

The court allowed defendants' motion for summary judgment and plaintiff appealed to this Court.

*Wilson and Morrow by John F. Morrow for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter for defendant appellees.*

GRAHAM, Judge.

[1] The complaint and plaintiff's affidavit affirmatively show that the claims for assault and false imprisonment arose more than one year before the suit was instituted. These claims are therefore barred by the one-year statute of limitation applicable to both claims. G.S. 1-54(3).

The only question presented on appeal is whether the trial judge correctly concluded that no genuine issue of fact exists

as to plaintiff's claim for malicious prosecution. We hold that he did and affirm his order granting defendants' motion for summary judgment.

[2]   Want of probable cause is an essential element of malicious prosecution. 5 Strong, N. C. Index 2d, Malicious Prosecution, § 1. The affidavit offered by defendants, and also plaintiff's admission in his own affidavit, established that plaintiff was convicted in the District Court of Forsyth County under the warrant that is the basis of his claim that he was prosecuted maliciously. This conviction, in the absence of a showing that it was procured by fraud or other unfair means, conclusively establishes the existence of probable cause, even though plaintiff was afterwards acquitted of the charge in superior court. *Moore v. Winfield,* 207 N.C. 767, 178 S.E. 605. See also *Overton v. Combs,* 182 N.C. 4, 108 S.E. 357; *Smith v. Thomas,* 149 N.C. 100, 62 S.E. 772; *Price v. Stanley,* 128 N.C. 38, 38 S.E. 33; *Griffis v. Sellars,* 19 N.C. 492.

In *Moore v. Winfield, supra,* the Supreme Court pointed out that in some states a conviction is only *prima facie* evidence of probable cause if a new trial is granted or the judgment is reversed upon appeal; while in other states, including North Carolina, the conviction remains conclusive evidence unless shown to have been procured by artifice or fraud. The court cited the case of *Haddad v. Chesapeake and O. Ry. Co.,* 77 W.Va. 710, 88 S.E. 1038, for the following proposition: "A judgment of conviction for larceny, although reversed on writ of error, and the accused discharged from further prosecution on remand of the case, is conclusive evidence of probable cause for believing the accused guilty of the offense charged to him, unless the conviction was procured by fraud; and on plaintiff in an action for malicious prosecution *devolves the duty of averring and by convincing proof showing such fraud or other undue means.*" (Emphasis added.) *Moore v. Winfield, supra* at 770, 178 S.E. at 606-07.

Here, there are no allegations in plaintiff's complaint nor averments in his affidavit tending to show that he is prepared to offer evidence at trial that his conviction in district court was obtained by fraud or other unfair means.

Affirmed.

Judges CAMPBELL and BROCK concur.