PEGGY FALKNER v. ROBERT F. ALMON

No. 7419SC452

(Filed 7 August 1974)

1. Malicious Prosecution § 1— want of probable cause

Want of probable cause is a necessary element of malicious prosecution.

2. Malicious Prosecution § 5— want of probable cause — malice

The absence of probable cause is not the equivalent of malice and does not establish malice *per se*, though it is evidence from which malice may be inferred.

3. Malicious Prosecution § 4— probable cause — conviction in district court

In a malicious prosecution action based on a charge of trespass, plaintiff's evidence that she was convicted of trespass in the district court conclusively established the existence of probable cause for that charge absent a showing that such conviction was procured by fraud or other unfair means, notwithstanding the State entered a *nol pros* upon her appeal to superior court.

4. Malicious Prosecution § 13— sufficiency of evidence — judgment n.o.v.

In actions for malicious prosecution based upon warrants for trespass and for larceny of a Christmas tree, plaintiff's evidence made a *prima facie* showing of each element of the two causes of action and the trial court erred in rendering judgments for defendant notwithstanding jury verdicts for the plaintiff.

APPEAL by plaintiff from *Seay, Judge,* 3 December 1973 Session of Superior Court held in CABARRUS County. Argued in the Court of Appeals 15 May 1974.

This is an action for damages for malicious prosecution. Plaintiff alleges four causes of action for malicious prosecution based upon the following incidents: (1) defendant caused a warrant to be issued on 23 January 1971, charging plaintiff with trespass; (2) defendant caused a warrant to be issued on 25

January 1971, charging plaintiff with using loud and indecent language in a public place; (3) defendant caused a warrant to be issued on 20 July 1971, charging plaintiff with trespass; and (4) defendant caused a warrant to be issued on 24 December 1971, charging plaintiff with the larceny of a Christmas tree.

The charges alleged in each of the warrants arose out of a continuing dispute between the parties concerning the location of the dividing line between their properties.

Plaintiff was unsuccessful in her attempt to offer evidence to support her allegations in her cause of action concerning the issuance of a warrant on 25 January 1971, charging the use of loud and indecent language. There were, therefore, no issues submitted to the jury on that cause of action.

Plaintiff's evidence tends to establish the issuance and service of the warrants alleged in her remaining three causes of action. Her evidence tends to establish the following dispositions of those charges: (1) plaintiff was found guilty in District Court of the charge of trespass contained in the warrant dated 23 January 1971. Upon her appeal to Superior Court, the State entered a nol pros; (2) upon trial of the charge of trespass contained in the warrant dated 20 July 1971, the case was dismissed at the close of the State's evidence; and (3) upon the call for trial of the charge of larceny of a Christmas tree contained in the warrant dated 24 December 1971, the State entered a nol pros.

The jury answered issues favorable to plaintiff and awarded damages in the three causes of action as follows: (1) $240.00 for the trespass prosecution (warrant dated 23 January 1971); (2) $240.00 for the trespass prosecution (warrant dated 20 July 1971); and (3) $500.00 for the larceny prosecution (warrant dated 24 December 1971).

Upon defendant's motion, the trial judge rendered judgment for defendant in each cause of action notwithstanding the verdict.

Plaintiff appealed.

*Grant & Grant, by Wesley B. Grant, for plaintiff.*

*Webster S. Medlin for defendant.*

BROCK, Chief Judge.

To establish a cause of action for malicious prosecution, plaintiff had the burden of proof to show: (1) that defendant instituted or procured the institution of a criminal proceeding against her; (2) that the prosecution of the criminal proceeding against her was without probable cause; (3) that the prosecution was with malice; and (4) that the prosecution was terminated in her favor. *Mooney v. Mull,* 216 N.C. 410, 5 S.E. 2d 122.

[1] Want of probable cause is a necessary element of malicious prosecution. The question or lack of probable cause must be determined in accordance with whether the facts and circumstances within the knowledge of the defendant at the time he instituted the criminal prosecution were sufficient to induce a reasonably prudent man to believe that the plaintiff was guilty of the offense charged. *Bryant v. Murray,* 239 N.C. 18, 79 S.E. 2d 243.

[2] The absence of probable cause is not the equivalent of malice, nor does it establish malice *per se,* though it is evidence from which malice may be inferred. The presence or absence of malice is a question of fact to be determined by the jury. *Mitchem v. Weaving Co.,* 210 N.C. 732, 188 S.E. 329.

[3] Plaintiff's evidence tends to show that she was found guilty in District Court of the trespass charged in the warrant dated 23 January 1971. Upon her appeal to Superior Court, the State entered a nol pros. However, absent a showing that the conviction in District Court was procured by fraud or other unfair means, the conviction conclusively establishes the existence of probable cause, even though plaintiff was acquitted in Superior Court. *Priddy v. Department Store,* 17 N.C. App. 322, 194 S.E. 2d 58. Therefore, it was error to submit issues to the jury upon plaintiff's cause of action for malicious prosecution based upon the warrant issued 23 January 1971, charging trespass. Judgment for defendant, notwithstanding the verdict upon this cause of action, was a proper corrective action and will not be disturbed.

[4] Two of plaintiff's causes of action remain for consideration: (1) the cause of action for malicious prosecution based upon the warrant issued 20 July 1971, charging trespass; and (2) the cause of action for malicious prosecution based upon the warrant issued 24 December 1971, charging larceny of a Christmas tree. Without reviewing the long drawn out and hotly

disputed evidence of who crossed onto the other's property, who mowed the other's grass or who cursed and yelled at the other, we are of the opinion that plaintiff's evidence was sufficient to make a *prima facie* showing of each element of these two causes of action. It matters not that, from the printed record before us, we might decide the issues differently from the way the jury resolved them. Twelve jurors heard the testimony, observed the demeanor of the witnesses and evaluated the evidence under appropriate instructions from the trial judge. The jury has resolved these closely contested issues in favor of plaintiff and against defendant. In the trial of these two causes of action, we find no error of law.

Plaintiff's complaint numbers the causes of action in the exact reverse order of the dates of the warrants upon which they are based. This disposition, therefore, will read in the reverse order of the numbering in plaintiff's complaint.

1. Judgment for defendant notwithstanding the verdict on plaintiff's "Fourth Cause of Action" (warrant issued 23 January 1971, charging trespass) is affirmed.

2. Dismissal of plaintiff's "Third Cause of Action" (warrant issued 25 January 1971, charging loud and indecent language) is affirmed.

3. Judgment for defendant notwithstanding the verdict on plaintiff's "Second Cause of Action" (warrant issued 20 July 1971, charging trespass) is reversed. The verdict rendered thereon by the jury is reinstated, and the cause is remanded to the Superior Court for entry of judgment in conformity with the verdict in favor of plaintiff for $240.00.

4. Judgment for defendant notwithstanding the verdict on plaintiff's "First Cause of Action" (warrant issued 24 December 1971, charging larceny of a Christmas tree) is reversed. The verdict rendered thereon by the jury is reinstated, and the cause is remanded to the Superior Court for entry of judgment in conformity with the verdict in favor of plaintiff for $500.00.

Affirmed in part.

Reversed and remanded in part.

Judges CAMPBELL and BRITT concur.