WELDIN TODD v. JOHN HENRY CREECH

No. 7413DC532

(Filed 6 November 1974)

1. **Arrest and Bail § 5; Assault and Battery § 3— assault of prisoner after arrest — sufficiency of evidence**

Plaintiff's evidence was sufficient for the jury in an action to recover for alleged assault and personal injuries sustained by plaintiff when he was arrested for public drunkenness where it tended to show that defendant, a policeman, entered plaintiff's cell after he had been arrested and struck plaintiff with a blackjack without provocation, causing a severe cut in the head and subsequent hospitalization.

---

Todd v. Creech

---

**2. Arrest and Bail § 5— force in making arrest**

While an officer in making an arrest and securing control of an offender has the right to use such force as may be reasonably necessary in the proper discharge of his duties, he may not act maliciously in the wanton abuse of his authority or use unnecessary and excessive force.

ON *certiorari* to review the Order of *Clark, Judge,* 3 December 1973 Session of District Court held in BLADEN County.

Heard in Court of Appeals 18 September 1974.

This is an action to recover damages for an alleged assault and personal injuries sustained by plaintiff during his arrest for public drunkenness.

At the conclusion of the evidence for plaintiff, the District Court granted defendant's motion for a directed verdict.

Plaintiff filed notice of appeal which was not perfected in apt time. This Court granted certiorari.

*McGougan and Wright, by D. F. McGougan, Jr., for plaintiff appellant.*

*Attorney General James H. Carson, Jr., by Assistant Attorney General William W. Melvin and Assistant Attorney General William B. Ray, for defendant appellee.*

BALEY, Judge.

[1]  In ruling upon a defendant's motion for a directed verdict, the trial court must consider all the plaintiff's evidence in the light most favorable to him, giving to plaintiff the benefit of all reasonable inferences and resolving all conflicts in his favor. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47. The motion may be granted only if the evidence is insufficient as a matter of law to support a verdict for the plaintiff. *Younts v. Insurance Co.,* 281 N.C. 582, 189 S.E. 2d 137; *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396. Applying this standard to the case at bar, we are of the opinion that the evidence is sufficient to warrant submission to the jury.

The testimony of the plaintiff, if believed, would permit a finding that defendant entered the jail cell after plaintiff was arrested and in custody, that defendant made statements to the effect that "I'll get him. I'll get the son-of-a-bitch," and that defendant struck plaintiff with a blackjack without provocation

causing a severe cut in the head and subsequent hospitalization. Police officer Harley Williams testifying for plaintiff stated that he gave defendant his blackjack at defendant's request, that defendant took the blackjack into the cellblock, and that the blackjack was returned to him three or four minutes later. About five minutes after the blackjack was returned, he saw the plaintiff being carried to the hospital.

[2]   While an officer in making an arrest and securing control of an offender has the right to use such force as may be reasonably necessary in the proper discharge of his duties, he may not act maliciously in the wanton abuse of his authority or use unnecessary and excessive force. *State v. Fain,* 229 N.C. 644, 50 S.E. 2d 904; *State v. Dunning,* 177 N.C. 559, 98 S.E. 530; 5 Am. Jur. 2d, Arrest, §§ 80, 81, pp. 766-68. Within reasonable limits the officer has discretion to determine the amount of force required under the circumstances as they appeared to him at the time he acted. But, when there is substantial evidence of unusual force, it is for the jury to decide whether the officer acted as a reasonable and prudent person or whether he acted arbitrarily and maliciously. *Perry v. Gibson,* 247 N.C. 212, 100 S.E. 2d 341; *State v. Pugh,* 101 N.C. 737, 7 S.E. 757. Under the circumstances as revealed by the evidence for the plaintiff, the jury could have found that defendant abused his authority and used excessive force to subdue plaintiff. It was error to direct a verdict for the defendant.

New trial.

Judges BRITT and HEDRICK concur.