FRANK CASHION AND RUFFIN KEYES v. TEXAS GULF, INC., AND DWAYNE PERGREM

No. 852SC711

(Filed 4 March 1986)

**Malicious Prosecution § 11.2— probable cause for prosecution—convictions reversed on appeal**

Plaintiff's convictions of embezzlement established the existence of probable cause which precluded a claim for malicious prosecution in the absence of evidence that the convictions were obtained through fraud or other unfair means even though the appellate court reversed the convictions because of a fatal variance between indictment and proof.

Judge PHILLIPS concurs in the result.

APPEAL by plaintiffs from *Brown, Frank R., Judge.* Judgment entered 23 April 1985 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 4 December 1985.

This is a civil action instituted 27 July 1984 for malicious prosecution. On 17 July 1981, an employee of defendant Texas Gulf was rebuilding a pump and laid aside a bearing housing. On 20 July 1981, the employee returned to work and reported to his superiors that the bearing housing was missing. Defendant Dwayne Pergrem, security supervisor employed by defendant Texas Gulf, was contacted. Defendant Pergrem initiated an investigation and defendant Texas Gulf hired a private investigator. The private investigator discovered reported missing items at a local salvage yard and that the plaintiffs were reported to have previously sold various machinery parts to the salvage dealer. Plaintiff Cashion had sold various machinery parts to the salvage dealer as recently as 18 July 1981.

On 29 July 1981, warrants for the arrest of plaintiffs were issued and executed. On 31 August 1981, plaintiffs were indicted for embezzlement of brass and copper materials on 18 July 1981. A "corrected indictment" was returned amending the dates of the offense from 18 July 1981 to 31 July 1980 through 18 July 1981. Plaintiffs' cases, 832SC50 and 832SC342, were consolidated and heard at the 10 May 1982 criminal session of Beaufort County Superior Court. Plaintiffs were convicted of embezzlement.

Plaintiffs appealed to this Court which overturned their convictions because of a fatal variance between the allegations of the indictment and the proof the State presented at trial. *See generally State v. Keyes and Cashion,* 64 N.C. App. 529, 307 S.E. 2d 820 (1983) (defendants' motion to dismiss embezzlement charges should have been granted where the evidence showed defendants may have had access to machinery parts but there was no evidence to show that defendants received machinery parts by the terms of their employment). Thereafter, on 27 July 1984, plaintiffs filed their complaint against defendants for malicious prosecution. Defendants answered, denying plaintiffs' allegations. On 18 April 1985, defendants moved the court for summary judgment. The court granted defendants' motion for summary judgment. Plaintiffs appeal.

*Sumrell, Sugg & Carmichael, by Rudolph A. Ashton, III, for plaintiff appellants.*

*McMullan & Knott, by Lee E. Knott, Jr., for defendant appellees.*

JOHNSON, Judge.

The only issue we must decide is whether there was a genuine material issue of fact which would preclude the trial court's allowance of defendants' motion for summary judgment. After careful consideration of the record herein, we conclude that there is no genuine material issue of fact in the case *sub judice.*

It is well settled that a Rule 56 motion for summary judgment should be allowed only when there exists no triable genuine issue of material fact and the movant's forecast of the evidence demonstrates that it is entitled to a judgment as a matter of law. *Feibus & Co. v. Godley Construction Co.,* 301 N.C. 294, 271 S.E.

2d 385, *rehearing denied*, 301 N.C. 727, 274 S.E. 2d 228 (1980). In pertinent part, G.S. 1A-1, Rule 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Rule 56(c), N.C. Rules Civ. P. The moving party has the burden of establishing a lack of triable issues of fact but the nonmoving party may not rest upon mere allegations of his pleadings. *Taylor v. Greensboro News Co.*, 57 N.C. App. 426, 291 S.E. 2d 852, *disc. rev. granted*, 306 N.C. 751, 295 S.E. 2d 486 (1982), *appeal dismissed*, 307 N.C. 459, 298 S.E. 2d 385 (1983). Bearing these principles in mind we now turn to the propriety of the court's granting defendants' motion for summary judgment. There are four elements essential to establishing a claim of malicious prosecution: "[1] [D]efendant initiated the earlier proceeding, [2] that he did so maliciously and [3] without probable cause, and [4] that the earlier proceeding terminated in plaintiff's favor." *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E. 2d 611, 625 (1979). Plaintiffs' primary argument is that there are material facts in dispute as to whether defendants falsely and maliciously had warrants issued for plaintiffs' arrests. What the plaintiffs fail to realize is that "want of probable cause is an essential element of malicious prosecution." *Priddy v. Cooks United Dept. Store*, 17 N.C. App. 322, 324, 194 S.E. 2d 58, 59 (1973). Probable cause is a reasonable suspicion in the mind of a prudent person in light of known facts and circumstances. *State v. Sturdivant*, 304 N.C. 293, 283 S.E. 2d 719 (1981). Unless plaintiffs can establish that their convictions were obtained through fraud or other unfair means, their convictions establish the existence of probable cause. *Priddy*, at 324, 194 S.E. 2d at 59. The fact that this Court reversed their convictions for a fatal variance between the indictment and the proof the State presented at trial does not serve to show that the criminal proceedings were initiated without probable cause; nor does it defeat defendants' motion for summary judgment. The State has the responsibility for charging plaintiffs with a crime based on the facts supplied. We are satisfied that in the absence of any showing that the convictions were obtained through fraud or other unfair

means defendants were entitled to summary judgment as a matter of law.

Affirmed.

Judge WHICHARD concurs.

Judge PHILLIPS concurs in the result.