ALTON MYRICK v. JAMES OSCAR COOLEY, ANDREW F. GOODWIN, JR., PAUL DOUGLAS BARNHART, THE CITY OF GRAHAM POLICE DEPARTMENT AND CITY OF GRAHAM

No. 8715SC1041

(Filed 6 September 1988)

1. **Constitutional Law § 17; False Imprisonment § 2.1; Arrest and Bail § 8— false arrest and false imprisonment—conviction in criminal district court—charges dismissed in superior court—directed verdicts for defendants in civil action upheld**

   Directed verdict was properly granted for defendants on state and federal civil claims for false arrest and false imprisonment where plaintiff was convicted in district court of the charges for which he was arrested, even though the charges were later dismissed in superior court. Although the Court of Appeals questioned the continuing validity of the rule, established precedent compelled the conclusion that the district court conviction established the existence of probable cause for arrest as a matter of law.

2. **False Imprisonment § 2; Arrest and Bail § 8— false arrest and false imprisonment—remarks of district court judge in criminal hearing—excluded**

   In a civil action for false arrest and false imprisonment arising from plaintiff's arrest for disorderly conduct, the Court of Appeals overruled an assignment of error regarding the exclusion of evidence that the district court judge had indicated at the criminal proceeding a willingness to dismiss the charges against plaintiff if he would agree not to sue the City where plaintiff did not make an offer of proof for the record at the civil proceeding.

3. **Assault and Battery § 3— excessive force during arrest—directed verdict for two of three officers proper**

   The trial court correctly granted a directed verdict for two of three officers in a civil action for excessive force arising from plaintiff's arrest for disorderly conduct where the uncontradicted testimony established that one officer did not physically participate in the arrest, but merely looked on with his hand on his gun; and the other officer assisted by grabbing one of plaintiff's arms.

4. **Assault and Battery § 3; Constitutional Law § 17— excessive force during arrest—directed verdict for officer proper on federal claim—improper on common law claim**

   In a civil action for excessive force arising from plaintiff's arrest for disorderly conduct, the evidence against the officer primarily involved was not sufficient for a claim under 42 U.S.C. Section 1983, but was sufficient to take a common law claim of assault and battery to the jury.

5. **Sheriffs and Constables § 4— excessive force during arrest—supervisory liability—directed verdict proper**

   The trial court did not err by granting a directed verdict for the City, the police department, and the police chief in a civil action arising from plaintiff's arrest for disorderly conduct.

Judge JOHNSON concurs in part and dissents in part.

APPEAL by plaintiff from *F. Gordon Battle, Judge.* Judgment entered 10 June 1987 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 29 March 1988.

*Judith G. Behar for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice by Richard T. Rice and J. Daniel McNatt for defendant-appellees.*

BECTON, Judge.

Plaintiff, Alton Myrick, brought this civil action against Graham police officers James Oscar Cooley, Andrew F. Goodwin, Jr., and Paul Douglas Barnhart; against Police Chief William Miles; and against the Graham Police Department and the City of Graham, seeking damages under the common law of North Carolina and 42 U.S.C. Sec. 1983 for claims arising from an allegedly wrongful arrest. Myrick alleged in his complaint facts tending to show that Officers Cooley, Goodwin, and Barnhart arrested him without cause and by using excessive force. He further alleged that defendant Miles knew or should have known of the three officers' propensity for violence and that the police department and the City were negligent in the hiring, training, and supervision of the officers.

The matter came on for jury trial on 10 June 1987. From a directed verdict granted in favor of all defendants at the close of the plaintiff's evidence, plaintiff appeals, assigning error to the entry of the directed verdict and to various evidentiary rulings of the trial court. We affirm in part and reverse in part.

I

Myrick presented evidence at trial which showed, in part, that on 8 October 1984, at about 9:40 p.m., he and his seventeen-year-old son, Gene, had a loud argument in the yard outside the Myrick residence during which Gene angrily banged his fist against the hood of a truck parked beside the house. Afterwards, they entered the house and all was quiet.

A few minutes later, in response to a report of a disturbance, Officers Cooley, Goodwin, and Barnhart arrived at Myrick's resi-

dence, found no disturbance, and talked with Gene. When Myrick answered their knock at the door, they asked about the trouble. From his doorway, Myrick told them there was no disturbance other than the one they were creating and ordered them to leave his property unless they had a warrant. Then Myrick and Cooley argued loudly, with Myrick telling the officers several times to leave and Cooley threatening to arrest him if he did not get quiet.

About the third time Cooley said he was going to arrest him, Myrick responded, "Well, you go to hell," and turned to go back into the house. Thereupon, Cooley jumped on his back, threw him to the floor, jerked him up by the throat, knocked his glasses off, and pinned him against the wall. Officer Goodwin assisted Cooley in attempting to subdue and handcuff Myrick while Officer Barnhart stood nearby. Because of a painful shoulder problem, Myrick resisted efforts to cuff his hands behind his back. When told of the problem, the officers finally handcuffed him in front. Then they dragged him to the car and took him to the magistrate's office where Myrick was charged with disorderly conduct and resisting arrest and was jailed overnight. He received no injuries other than a minor cut and scratches on the nose and leg.

The parties stipulated that Myrick was convicted in District Court of disorderly conduct and resisting arrest, and that, on appeal to Superior Court, the charges were dismissed at the close of the State's evidence.

## II

Myrick's primary contention is that the trial court erred by granting a directed verdict for the defendants. A defendant's motion for a directed verdict presents the question whether the evidence, considered in the light most favorable to the plaintiff, is sufficient to take the case to the jury and to support a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). The factual allegations of the complaint filed in this case are susceptible of being interpreted as stating claims under 42 U.S.C. Sec. 1983 for both false arrest and excessive use of force in effecting the arrest, and similar claims under state tort law for false imprisonment and for assault and battery. In ruling upon the propriety of the directed verdict, we must assess the sufficiency of the evidence of each of these claims with respect to each of the named defendants.

A.  *False Arrest/False Imprisonment*

[1]   The Federal Civil Rights Act, 42 U.S.C. Sec. 1983, imposes
civil liability for a deprivation, under color of state law, of rights
secured by the Constitution and laws of the United States. An ar-
rest made in violation of the fourth amendment protection against
unreasonable seizures of the person will give rise to a cause of ac-
tion under Section 1983, *see, e.g., Monroe v. Pape*, 365 U.S. 167, 5
L.Ed. 2d 492 (1961); *Motes v. Myers*, 810 F. 2d 1055 (11th Cir.
1987), *reh'g denied*, 837 F. 2d 1095 (1988), and under fourth amend-
ment standards, the validity of the arrest turns upon the ex-
istence of probable cause. *Id. Accord Simons v. Montgomery
County Police Officers*, 762 F. 2d 30 (4th Cir. 1985); *cert. denied*,
474 U.S. 1054, 88 L.Ed. 2d 767 (1986); *Street v. Surdyka*, 492 F. 2d
368 (4th Cir. 1974).

Likewise, under state law, a cause of action in tort will lie for
false imprisonment, based upon the "illegal restraint of one's per-
son against his will." *Mobley v. Broome*, 248 N.C. 54, 56, 102 S.E.
2d 407, 409 (1958). A false arrest, *i.e.*, one without proper legal
authority, is one means of committing a false imprisonment. *Id.*
For purposes of a tort action under state law, the existence of
legal justification for a deprivation of liberty is determined in ac-
cordance with the law of arrest, which in North Carolina is codi-
fied at N.C. Gen. Stat. Sec. 15A-401 *et seq.* (1983 and Cum. Supp.
1987). *See Hicks v. Nivens*, 210 N.C. 44, 185 S.E. 2d 469 (1936).
Thus, it is possible, in some instances, for an arrest to be constitu-
tionally valid and yet illegal under state law. *State v. Eubanks*,
283. N.C. 556, 196 S.E. 2d 706 (1973), *reh'g denied*, 285 N.C. 597
(1974).

However, in the present case, Myrick was subjected to a war-
rantless arrest for an offense allegedly committed in the presence
of the arresting officers. Pursuant to N.C. Gen. Stat. Sec. 15A-
401(1), such an arrest is valid if the officers had probable cause to
believe he had committed a criminal offense in their presence.
Hence, on the facts of this case, the standard for measuring the
lawfulness of the arrest is the same for purposes of both the com-
mon law and Section 1983 claims, and in order to prevail upon ei-
ther claim, Myrick must establish an absence of probable cause
for the arrest.

Although the evidence presented by Myrick concerning the circumstances of his arrest for disorderly conduct, when considered in the light most favorable to him, tends to show that he was arrested wrongfully, the trial court concluded, and we agree, that his claims for false arrest nevertheless are barred by his conviction in District Court of the charges for which he was arrested. In civil actions for malicious prosecution which, like the case at bar, require proof of want of probable cause, our appellate courts have followed the majority rule that "absent a showing that the conviction in District Court was procured by fraud or other unfair means, the conviction conclusively establishes the existence of probable cause, even though plaintiff was acquitted in Superior Court." *Falkner v. Almon*, 22 N.C. App. 643, 645, 207 S.E. 2d 388, 389 (1974). *See also Moore v. Winfield*, 207 N.C. 767, 178 S.E. 605 (1935); *Cashion v. Texas Gulf, Inc.*, 79 N.C. App. 632, 339 S.E. 2d 797 (1986); *Priddy v. Cook's United Department Store*, 17 N.C. App. 322, 194 S.E. 2d 58 (1973). Federal courts have also applied this common law principle to claims of false arrest under Section 1983. *See Cameron v. Fogarty*, 806 F. 2d 380 (2d Cir. 1986), *cert. denied*, 95 L.Ed. 2d 501 (1987); *Compton v. Ide*, 732 F. 2d 1429 (9th Cir. 1984).

We question the continuing validity of this rule, first pronounced in 1935, which allows a District Court judgment which is subsequently overturned upon a trial *de novo* in Superior Court to insulate the arresting officer from liability, particularly in light of our Supreme Court's 1970 pronouncement, albeit in another context, that

> [w]hen an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and *is not thereafter available for any purpose.*

*State v. Sparrow*, 276 N.C. 499, 507, 173 S.E. 2d 897, 902 (1970) (emphasis added). *Accord State v. Coats*, 17 N.C. App. 407, 194 S.E. 2d 366 (1973). In addition, we are doubtful whether a judgment of the District Court which is overturned on the merits should be afforded anymore weight in these circumstances than a magistrate's independent determination of probable cause which, according to *Malley v. Briggs*, 475 U.S. 335, 89 L.Ed. 2d 271 (1986),

will not insulate from civil liability an officer whose application for a warrant is not objectively reasonable. Moreover, it seems incongruous to infer from a subsequent conviction the existence of probable cause for the initial arrest when it is clear that innocence of the offense charged does not establish an absence of probable cause for the arrest. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 61 L.Ed. 2d 433 (1979); *Atkins v. Lanning*, 556 F. 2d 485 (10th Cir. 1977); *State v. Jeffries*, 17 N.C. App. 195, 193 S.E. 2d 388 (1972), *cert. denied*, 282 N.C. 673, 194 S.E. 2d 153 (1973); Prosser & Keaton, *The Law of Torts*, Sec. 119 at 880 (5th ed. 1984). Despite these doubts about the wisdom of the rule we now apply, we nevertheless are compelled by the established precedent to conclude that, in the absence of a showing that the District Court conviction of Myrick was obtained improperly, the conviction establishes, as a matter of law, the existence of probable cause for his arrest and defeats both his federal and state claims for false arrest or imprisonment.

[2] In an effort to overcome the conclusive effect of his conviction in District Court, Myrick sought to show that the conviction was "fundamentally unfair" by offering evidence at the civil proceeding that the District Court judge had indicated a willingness to dismiss the charges against him if he would agree not to sue the City. However, prior to the presentation of any evidence, the trial court granted the defendants' motion *in limine* to exclude any evidence concerning the actions or statements of the District Court judge at the criminal proceeding. In a separate assignment of error, Myrick challenges the exclusion of this evidence. We conclude that, in the absence of an offer of proof for the record, Myrick has failed to demonstrate what the excluded evidence was and how it would have shown that his conviction was "procured by fraud or other unfair means." Accordingly, the assignment of error to the exclusion of evidence is overruled, and we hold that the trial court did not err by granting a directed verdict in favor of all defendants on Myrick's Section 1983 and common law claims of false arrest and false imprisonment.

B. *Excessive Force/Assault and Battery*

[3] The use of unreasonable and unnecessary force to effect an arrest, even an arrest that is itself lawful, is actionable under 42 U.S.C. Sec. 1983. *E.g., Clark v. Ziedonis*, 513 F. 2d 79 (7th Cir.

Myrick v. Cooley

1975); *Delaney v. Dias*, 415 F. Supp. 1351 (D. Mass. 1976). *See Jenkins v. Averett*, 424 F. 2d 1228 (4th Cir. 1970) (excessive force in apprehension of suspect). Similarly, a civil action for damages for assault and battery is available at common law against one who, for the accomplishment of a legitimate purpose, such as justifiable arrest, uses force which is excessive under the given circumstances. 6 Am. Jur. 2d *Assault and Battery* Sec. 122 (1963). *See Kuykendall v. Turner*, 61 N.C. App. 638, 301 S.E. 2d 715 (1983); *Todd v. Creech*, 23 N.C. App. 537, 209 S.E. 2d 293, *cert. denied*, 286 N.C. 341, 211 S.E. 2d 216 (1974).

Under the common law, a law enforcement officer has the right, in making an arrest and securing control of an offender, to use only such force as may be reasonably necessary to overcome any resistance and properly discharge his duties. *State v. Fain*, 229 N.C. 644, 50 S.E. 2d 904 (1948); *Todd v. Creech*. "[H]e may not act maliciously in the wanton abuse of his authority or use unnecessary and excessive force." *Id.* at 539, 209 S.E. 2d at 295; *see* N.C. Gen. Stat. Sec. 15A-401(d) (outlining when force may be used in effecting arrest). Although the officer has discretion, within reasonable limits, to judge the degree of force required under the circumstances, "when there is substantial evidence of unusual force, it is for the jury to decide whether the officer acted as a reasonable and prudent person or whether he acted arbitrarily and maliciously." *Todd*, 23 N.C. App. at 539, 209 S.E. 2d at 295; *Kuykendall*, 61 N.C. App. at 644, 301 S.E. 2d at 720. Further, an assault and battery need not necessarily be perpetrated with maliciousness, willfulness or wantonness, *Shugar v. Guill*, 51 N.C. App. 466, 475, 277 S.E. 2d 126, 133, *modified*, 304 N.C. 332, 283 S.E. 2d 507 (1981), and actual physical injury need not be shown in order to recover. Prosser and Keaton, *The Law of Torts*, Sec. 9 at 41; 6 Am. Jur. 2d, *Assault and Battery*, Sec. 5.

The threshold for determining whether the limits of privileged force have been exceeded for purposes of liability under Section 1983 is higher than that for a normal tort action, *Justice v. Dennis*, 834 F. 2d 380, 382 (4th Cir. 1987). The factors for assessing whether the use of undue force rises to constitutional dimensions include the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted, 834 F. 2d at 383. A valid claim for relief exists only when the force is so excessive as to "shock the con-

science" or appears to have been applied "maliciously and sadistically for the purpose of causing harm." *Id.; Bailey v. Turner*, 736 F. 2d 963, 970 (4th Cir. 1984); *Johnson v. Glick*, 481 F. 2d 1028, 1033 (2d Cir.), *cert. denied sub nom., John v. Johnson*, 414 U.S. 1033, 38 L.Ed. 2d 324 (1973).

Applying the foregoing principles to the instant case, we first note that all of the evidence suggesting any undue use of force in the course of Myrick's arrest relates solely to acts of Officer Cooley. Uncontroverted testimony of multiple witnesses establishes that Officer Barnhart did not physically participate in the arrest but merely looked on with his hand on his gun. Also, with respect to Officer Goodwin's participation, the only evidence is testimony by both Myrick and Goodwin that Goodwin assisted Cooley by grabbing one of Myrick's arms. We conclude that this evidence is insufficient to support any claims against Officers Barnhart and Goodwin of excessive use of force and that the trial court properly directed a verdict in their favor with respect to all such claims.

[4]   Next, we likewise conclude that a directed verdict was properly entered against Myrick on his Section 1983 claim of an unconstitutional use of excessive force by Officer Cooley. In addition to the evidence that Myrick was convicted in District Court of resisting arrest, he testified that he walked away when told he was under arrest and jerked his arm away during attempts by Cooley to cuff his hands behind his back. He also admitted on cross-examination that he "didn't intend to be [arrested]." Because the District Court conviction of Myrick on the charges for which he was arrested establishes the lawfulness of his arrest as a matter of law, it also establishes that Officer Cooley was entitled to use whatever force he reasonably believed was necessary to overcome any resistance and effect the arrest. There is no evidence in the record that Cooley used any weapon on Myrick. Moreover, the evidence shows that Myrick was handcuffed in front once the officers were told of his shoulder problem and that his injuries from the scuffle with Cooley were negligible. In our view, considering all the circumstances in light of the factors set forth by the 4th Circuit Court of Appeals in *Justice*, the facts as presented by Myrick simply do not demonstrate a use of force so unreasonably excessive as to "shock the conscience" and thereby establish a tort of constitutional proportions.

However, we are of the opinion that the evidence, considered in the light most favorable to Myrick, is sufficient, under the lower threshold of state law, to raise a question for the jury as to whether, considering the degree of resistance offered by Myrick, Officer Cooley used an amount of force beyond that reasonably necessary to arrest and subdue him. Consequently, we hold that the issue of common law assault and battery should have gone to the jury.

C. *Supervisory Liability*

[5]   Having assessed the strength of the evidence against the three arresting officers, we next consider the propriety of the directed verdict in favor of the remaining defendants. Mr. Myrick sought to impose liability on the City, its police department, and the chief of police on the basis of a departmental policy or custom of unlawful arrests, or negligence in the hiring, supervision, and training of police officers.

In separate assignments of error, Myrick contends the trial court erred by excluding certain evidence relating to two prior incidents involving Officer Cooley and to Chief Miles' personal views concerning the appropriate use of force. We deem it unnecessary to address the evidentiary arguments raised because our careful review of the record leads us to conclude that, even had this evidence been admitted, Myrick would not have established a basis for imposing liability on these defendants. The trial court did not err by directing a verdict for the City, the police department, and Chief Miles.

### III

In summary, we hold that, on the basis of the evidence in this record, Myrick was entitled to have his claim against Officer Cooley for common law assault and battery submitted to the jury. With respect to all other claims for relief and all remaining defendants, the directed verdict was properly granted.

Affirmed in part and reversed in part.

Judge GREENE concurs.

Judge JOHNSON concurs in part and dissents in part.

Judge JOHNSON concurring in part and dissenting in part.

I concur in part and dissent in part. I concur in the majority opinion except as to that portion of the holding which states that the issue of common law assault and battery should have been submitted to the jury. To this part, I respectfully dissent. Under the given circumstances of the case and considering the evidence in the light most favorable to the plaintiff I do not believe there is substantial evidence of unusual force shown in the arresting of plaintiff. Plaintiff even testified that he did not intend for the officer to arrest him. The evidence shows that the officer used such force as was necessary to properly discharge his duties and overcome plaintiff's resistance.