**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER HERMAN HOOVER,
Plaintiff-Appellant,

v.

MCDOWELL COUNTY; BOBBY HANES,
Former Sheriff, both individually
and in his representative capacity;                     No. 96-2566
SAM ARROWOOD, Deputy,
Defendants-Appellees,

and

RANDY SMITH, Lieutenant,
Defendant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Max O. Cogburn, Magistrate Judge.
(CA-95-182-4-C)

Submitted: May 26, 1998

Decided: June 15, 1998

Before MURNAGHAN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Gary Triggs, C. GARY TRIGGS, P.A., Morganton, North Caro-
lina, for Appellant. Jackie D. Grant, Frank P. Graham, ROBERTS &
STEVENS, P.A., Asheville, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roger Hoover appeals from the magistrate judge's order granting summary judgment to the Appellees and dismissing Hoover's action under 42 U.S.C. § 1983 (1994).**1** After granting Hoover's motion to submit the appeal on briefs, we find no reversible error and affirm.

On August 12, 1990, Officers Sam Arrowood and Randy Smith responded to a call to investigate a report of a man with a gun and shots fired. Arrowood, first to arrive on the scene, found Hoover standing in his mother's driveway holding a hunting rifle. Others on the scene included Hoover's nephew, sister, wife, and mother.

Arrowood exited his vehicle, took cover, pointed his gun at Hoover, and ordered Hoover to drop the rifle. Hoover claims that Arrowood "cursed" him, but admits that Arrowood ordered him to throw down the rifle. Hoover refused to relinquish the rifle and squatted down behind a car in the driveway. At this time, Smith arrived and began ordering Hoover to throw down the rifle. Both officers contend that Hoover pointed the rifle at them. Hoover disputes that he pointed the rifle at the officers, but admits that Smith repeatedly told him to drop the rifle and that he refused to comply with the order.

After some time, Hoover finally put the rifle on top of the car and came out from behind the car. Both officers attempted to place Hoover under arrest, but a scuffle ensued and Hoover hit Arrowood in the face with his closed fist. In response, Arrowood struck Hoover in the face. Hoover also struck Smith in the face causing Smith to lose his glasses. In response, Smith struck Hoover with his flashlight on or about the head. Also, Hoover's wife stepped between Smith and Hoo-

_____

**1** The parties consented to jurisdiction of the magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1994 & Supp. 1998).

ver, and Hoover's nephew grabbed Arrowood around the waist causing a scuffle between the nephew and Arrowood. Eventually, Smith was able to handcuff Hoover and Arrowood was able to handcuff the nephew and place them in the patrol cars.

Prior to being placed in jail, Arrowood transported Hoover to the McDowell County Hospital where Hoover was treated for one small cut to his upper lip and one small cut on the top of his head. The hospital report did not note any other injuries, but did note that Hoover was alcohol intoxicated.[2] After being treated and released from the hospital, Hoover was taken to the McDowell County Magistrate's Office where he was charged with assaulting police officers, obstructing and delaying officers, and assault with a firearm on a police officer.

In August 1993, Hoover filed a complaint pursuant to 42 U.S.C. § 1983 (1994), against Officers Arrowood and Smith, McDowell County, and Sheriff Hanes. Hoover asserted that Officers Arrowood and Smith used excessive force in effecting his arrest; that the Officers' actions constituted malicious prosecution under the common law of North Carolina; and that McDowell County and Sheriff Hanes were deliberately indifferent to the Officers' use of excessive force. Defendants filed a motion for summary judgment, which the district court granted. Hoover noted a timely appeal.

This court reviews de novo a district court's grant of summary judgment. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Summary judgment is appropriate when a non-moving party fails to establish, by sworn evidence, an essential element of the case. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Hoover asserts that the district court erred in granting summary judgment to Arrowood and Smith on the ground of qualified immunity. Qualified immunity shields government officials from § 1983 liability as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

_____

[2] Hoover admitted to being intoxicated on the night of his arrest.

3

have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In an excessive force case, the specific inquiry "is whether a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances." Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994).

A claim that a police officer used excessive force in attempting to make an arrest is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989). Force is not excessive if it is objectively reasonable under the circumstances facing the officer, without regard to his underlying intent. See id. at 397. Among the relevant factors in determining whether the officers applied reasonable force is the conduct of the arrestee. See id. at 396.

In the case at bar, the officers faced a violent situation as they arrived on a scene where shots had been fired and Hoover was in possession of a hunting rifle that he refused to put down. After surrendering the weapon, Hoover began to fight with the officers as they attempted to arrest him, and the bystanders also interfered with the officers' attempt to arrest Hoover. Further, Hoover was intoxicated and struck both officers. Under these circumstances, we find that the officers' use of force to effectuate Hoover's arrest was objectively reasonable.

Another relevant factor in the determination of whether excessive force was used is the extent of injuries suffered by the plaintiff. See Pressly v. Gregory, 831 F.2d 514, 518 (4th Cir. 1987). The medical records show that Hoover did not suffer injuries indicative of the use of unreasonably excessive force.

Hoover next asserts that Officers Arrowood and Smith caused warrants for Hoover's arrest to issue in an attempt to cover up their unconstitutional acts. In North Carolina, a malicious prosecution claims has four elements:

> (1) the defendants initiated the earlier proceeding;
>
> (2) malice on the part of the defendants in doing so;

4

(3) lack of probable cause for the initiation of the earlier proceeding; and

(4) termination of the earlier proceeding in favor of the plaintiff.

See Best v. Duke Univ., 448 S.E.2d 506, 510 (N.C. 1994). Hoover fails to establish the third element--lack of probable cause. The North Carolina Supreme Court defines probable cause as"the existence of such facts and circumstances, known to [the defendant] at the time, as would induce a reasonable man to commence a prosecution." Cook v. Lanier, 147 S.E.2d 910, 914 (N.C. 1966) (quoting Morgan v. Stewart, 57 S.E. 149, 151 (N.C. 1907)). In North Carolina, as a general rule,

> [i]n civil actions for malicious prosecution .. . our appellate courts have followed the majority rule that "absent a showing that the conviction in District Court was procured by fraud or other unfair means, the conviction conclusively establishes the existence of probable cause, even though the plaintiff was acquitted in Superior Court."

See Myrick v. Cooley, 371 S.E.2d 492, 495 (N.C. App. 1988). Hoover was convicted of assault, resisting, delaying, and obstructing in state district court but later acquitted in superior court. His conviction in district court, however, establishes the existence of probable cause. Therefore, we find this claim to be without merit.

Finally, Hoover asserts that McDowell County and Sheriff Hanes failed to properly supervise or train Officers Arrowood and Smith to prevent the alleged unconstitutional acts. Hoover failed to present any evidence establishing that McDowell County and Sheriff Hanes were deliberately indifferent to the constitutional rights of its citizens or that they authorized unconstitutional behavior. See Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir. 1987) (municipality responsible for constitutional violation only when execution of a policy or custom inflicts injury). Hoover admits that he is not aware of what training procedures McDowell County has for training its officers or what kind of disciplinary procedures are in place for disciplining officers. Thus, this claim is without merit.

5

Accordingly, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED