**Charles M. STOKES, Plaintiff,**

v.

**Jimmy GALYAN, et al., Defendants.**

**No. C–C–85–432–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Oct. 17, 1985.

Charles M. Stokes, pro se.

Daniel C. Higgins, Asst. Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Defendants' Motion to dismiss or for summary judgment.

The Plaintiff is Charles M. Stokes, an inmate at Mecklenburg II Prison Unit in Huntersville, North Carolina, proceeding *pro se.*

The Defendants, employees of the Huntersville Prison Unit, are Lieutenant Jimmy Galyan, Correction Officer Keith Payne, and Correction Officer Danny Duncan. They are represented by the North Carolina Attorney General.

The Plaintiff alleges that on June 7, 1985, an incident arose in his cell which resulted in a deprivation of his constitutional rights. The Plaintiff had a radio with him in the cell. He and Officer Payne began arguing over the radio because Payne wanted Plaintiff to surrender it because it had a broken antenna. Payne called Lt. Galyan and Galyan told Plaintiff he could not keep the radio. After some disagreeable small talk occurred, Galyan called on the assistance of Payne and Officer Duncan to put Plaintiff in a lock-down cell. Upon order and in accordance with usual practice, Plaintiff's hands were placed through the cell bars and handcuffed. Plaintiff began staring at Galyan, and when he refused to stop staring, saying (allegedly), "I will look at you the way I want to," Galyan entered the cell, saying, "No you won't either." Galyan handed his glasses to Payne, entered the cell and, according to the Complaint, kicked Plaintiff in the stomach, causing Plaintiff to slide down the wall and fall on the toilet which resulted in bruises and cuts on Plaintiff's hip, arm, and back. Plaintiff was allegedly taken to a lock-down cell at that time and was refused to be furnished a grievance form by Galyan.

Plaintiff instituted this action *pro se* claiming Defendants deprived him of his right against cruel and unusual punishment under the eighth amendment.

The Defendants have moved this Court to dismiss the action or for summary judgment. The Defendants assert several reasons why this action should be dismissed, or why summary judgment should be granted in their favor.

Defendants argue that Plaintiff's Complaint does not make any allegation against either Payne or Duncan which could rise to the level of an eighth amendment deprivation. The Complaint states that Payne argued with Plaintiff and later held Galyan's glasses while he and Duncan watched Galyan enter Plaintiff's cell. Defendants assert that the Plaintiff's claims do not allege acts on the part of the Defendants which amount to "shocking or brutal conduct," the requisite for an eighth amendment claim. *Davidson v. Dixon,* 386 F.Supp. 482, 488, (D.Del.1974); *See also King v. Blakenship,* 636 F.2d 70 (4th Cir.1980).

With respect to Galyan, Defendants assert that while the Complaint might support an action for assault, it is not one which could be characterized as "brutal and shocking." *See, Johnson v. Glick,* 481 F.2d 1028 (2d Cir.1973).

Defendants also argue that, as officers of a correctional institution, they are authorized to use force under appropriate circumstances. *See* N.C.Gen.Stat. § 148–46 (authorizing prison guards to use any means necessary to, *inter alia,* defend themselves or enforce discipline); and *Todd v. Creech,* 233 N.C.App. 537, 209 S.E.2d 293, 295 (1974). Citing *Johnson, supra,* Defendants point out that the United States Fourth Circuit Court of Appeals recognizes that the use of force against prisoners may be appropriate, depending upon the existence of certain factors: (1) the need for force; (2) the amount of force needed in relation to the amount used; (3) the extent of injury inflicted; and (4) whether the force arose out of good faith efforts to maintain discipline as opposed to the malicious infliction of harm. *Id.*

The essence of Defendants' arguments for why this action should be dismissed is that the Complaint has, at best, described nothing more than a case of simple assault.

That to state a claim of eighth amendment constitutional deprivation under 42 U.S.C. § 1983 upon which relief can be granted, Plaintiff is required to allege acts which are brutal and shocking.

This Court is of the opinion that Plaintiff has made no demonstration of shocking or brutal acts, and therefore, has made no claim upon which relief can be granted. The Complaint states that Plaintiff received cuts on his back, a bruise on his right hip and left arm. The Plaintiff fails to specify these alleged injuries any further; Plaintiff also fails to verify these injuries. To the contrary, it appears to the Court that although the Plaintiff claims he suffered these unspecified injuries on June 7, 1985, the prison nurse stated by way of filed affidavit that Plaintiff did not complain of these alleged injuries until June 12, 1985, five days after the incident and two days after the nurse had already seen the Plaintiff. A small scratch on Plaintiff's back was observed and recorded by the nurse in Plaintiff's medical records. Otherwise, there exists no showing whatsoever that Plaintiff's alleged injuries are anything more than slight, much less sufficient to support a constitutional deprivation claim for cruel and unusual punishment upon which relief can be granted.

Therefore, this Court is of the opinion that the Defendants' Motion to Dismiss should be GRANTED.

IT IS SO ORDERED.