920 F.2d 927
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. WILLIAMS, Plaintiff-Appellee,
v.
James LANDEN, Defendant-Appellant.
 No. 90-6505.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1990.
Decided: Dec. 17, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-89-247-CRT-H)
 Sylvia Hargett Thibaut, Assistant Attorney General, Raleigh, N.C. (Argued), for appellant; Lacy H. Thornburg, Attorney General, Raleigh, N.C., on brief.
 Katherine Chaffee Zeitlin, Kirkland & Ellis, Washington, D.C. (Argued), for appellee; Alfred Winchell Whittaker, Kirkland & Ellis, Washington, D.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before POWELL, Associate Justice, Retired, United States Supreme Court, sitting by designation, and PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The question presented in this case is whether the appellant is entitled to summary judgment based on qualified immunity in this action brought by a prison inmate against appellant, a prison guard, for alleged use of excessive force. Looking at the facts in the light most favorable to the appellee, we find that under clearly established rules of law, a reasonable prison guard would have realized that the amount of force used against the appellee was excessive. Therefore, we affirm the district court's denial of the appellant's motion for summary judgment.
 
 I.
 
 2
 Appellant is a correctional officer employed by the North Carolina Department of Correction. Appellee is an inmate in that department's Caledonia Correctional Institution. During the time relevant to this law suit, he was confined to a one man cell in the maximum security wing of that prison.
 
 
 3
 On December 22, 1987, appellant was one of the correctional officers assigned to monitor appellee's cell block. After the midday meal, appellant began locking down the trap doors through which trays of food are passed into the individual cells. He noticed that the padlock used to secure the trap door of appellee's cell was missing. Appellant decided to replace the missing lock with one from another cell. Appellee claims that as appellant was securing his cell, appellee asked that the door be left open. He testified that, unlike the other prisoners, he could not slide his tray out of the bottom of his door because it was hung too low.
 
 
 4
 It is undisputed that appellee then put his hand on the trap door to keep it open. Appellant closed the door on appellee's fingers. Appellee responded by throwing a cup of water in appellant's face through the 24-inch by 4-inch slot that serves as a window on the door. The window is usually covered with wire mesh, but at this particular time, there was a gaping hole in the mesh. Appellant claims that the appellee also punched him through the trap door, but the appellee denies this allegation.
 
 
 5
 According to the appellee, appellant was angered by having water thrown in his face. He called appellee a "nigger" and then sprayed him with tear gas through the window. Appellee claims that the appellant continued to spray him until the tear gas can housed in the butt of his riot baton was empty. Appellant then took a second can from his belt and continued to spray the appellee. Appellant then locked the trap door, and left the area.
 
 
 6
 Several minutes later, the appellee was taken to the prison infirmary. A physician there irrigated appellee's eyes and told him to sign up for sick call if he had further problems. Appellee continued to complain of eye problems.[1]
 
 
 7
 Appellee filed this action under 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of North Carolina. Appellee alleged that the appellant used excessive force against him in violation of the Eighth Amendment. The appellant moved for summary judgment arguing that he was entitled to qualified immunity. The district judge denied the motion. Appellant now appeals the district court's denial of his motion for summary judgment.
 
 II.
 
 8
 Summary judgment is proper when it appears "that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Inferences that may be drawn from the underlying facts, however, must be considered in the light most favorable to the non-moving party. See Smith v. University of North Carolina, 632 F.2d 316, 338 (4th Cir.1980).
 
 
 9
 As a matter of law, the Supreme Court of the United States has established that government employees carrying out their duties are shielded from liability insofar as their conduct does not objectively violate clearly established rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Appellant is entitled to qualified immunity unless a reasonable prison guard would have believed that the force applied by the appellant, under the facts of this case, was excessive under clearly established rules of law. Anderson v. Creighton, 483 U.S. 635 (1987).
 
 
 10
 At the time this incident took place, it was clearly established that the Eighth Amendment protects a prison inmate from being subjected to an excessive use of force by prison officials. E.g., Whitley v. Albers, 475 U.S. 312 (1986). The rule in this Circuit is that the court looks at four factors when examining allegations of constitutionally excessive force: (i) whether force was needed in the questioned situation; (ii) the relationship between the need of force and the amount actually used; (iii) the extent of the injury inflicted; and (iv) whether the force was applied in a good faith effort to restore discipline or it was applied to inflict pain. E.g., Pressly v. Gregory, 831 F.2d 514 (4th Cir.1987). The North Carolina Code provides a similar standard as to the amount of force a prison guard may use against an inmate: Sec. 146-46 of the North Carolina General Statutes provides that a correctional officer shall use the amount of force necessary to defend himself or maintain discipline. In order to determine whether this statute has been violated we apply the same four-part analysis used in evaluating Eighth Amendment claims. Stokes v. Galyan, 618 F.Supp. 1483 (W.D.N.C.1985).
 
 
 11
 Our analysis does not, however, end here. We must also determine whether, under the facts of this case, a reasonable prison guard in appellant's position should have known that spraying two cans of tear gas into appellee's face would violate his right to be free from excessive punishment. See Tarantino v. Baker, 825 F.2d 772, 775 (4th Cir.1987). Under the facts presented, we believe that a reasonable prison guard should have known that the action taken by appellant against the appellee was excessive. Appellee was securely locked in his cell and, according to his testimony, merely threw a cup of water on the appellee. If this were all that happened, we think it clear that no force was needed. The guard could have walked away. The trap door would remain open, but this would not have created a security threat. Moreover, the degree of force used against appellee seems unreasonable. The appellant sprayed an additional can of mace into the face of an inmate who had retreated as far as he could go in the small cell.[2] As for the remaining factors, appellant was at least injured at the time of the spraying, and there is an issue of fact as to the appellant's motives that has yet to be resolved.[3]
 
 
 12
 Under the facts before the district court, we hold that the appellant was not entitled to qualified immunity as a matter of law. The district court correctly denied appellant's motion for summary judgment.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 He visited the infirmary more than a dozen times after this incident occurred. A nurse examined him at one time and noticed a pigmented area in his left eye. He was later examined by a doctor who noted that the pigmentation should not cause appellee's eyes to burn or hurt. A second doctor confirmed this diagnosis. Later, a third doctor examined appellee and found his 20/20 vision had returned in both eyes
 
 
 [2]
 The use of tear gas against a securely confined prisoner was not then and is not now unlawful per se. Slakan v. Porter, 737 F.2d 368, 377 (4th Cir.1984). Nonetheless, prison officials have a duty not to use these legitimate means of control in a way that violates a prisoner's statutory or constitutional rights. Id
 
 
 [3]
 We note that this is an appeal from the denial of the summary judgment motion on the grounds of qualified immunity. We express no opinion on the merits of the underlying claim